SMITH v. OGLESBY.

1. A widow will not be permitted to recover an interest in a tract of land in which she had never relinquished her inheritance, but which was conveyed while she was a *feme covert*, more than thirty years before, under a family arrangement between herself and her brothers and sisters. The decision in *Smith* v. *Tanner*, 32 S. C., 259, which involved the same settlement, reaffirmed.

2. Where a married woman, with all the powers of a *feme sole*, agreed in writing, for valuable consideration, to release her dower in a tract of land, she will be thereafter, when a widow, estopped from claiming dower therein, although she had never made any formal renunciation of her dower rights.

3. PER McIVER, A. J. This case distinguished from *Townsend* v. *Brown*, 16 S. C., 91.

Before FRASER, J., Spartanburg, July, 1889.

This was an action by Charity Smith and others against J. Frank Oglesby and others, commenced February 17, 1887. So

far as the claim for dower is involved, the opinion states the case. As to the claim for an interest in the land, all the facts are fully stated in *Smith* v. *Tanner*, 32 S. C., 259, which is referred to in this opinion as decisive of this case.

*Messrs. Duncan & Sanders,* for appellant.

*Messrs. Stanyarne Wilson* and *Nicholls & Moore,* contra.

June 26, 1890.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   In 1854 Mary Linder died, leaving a real and personal estate, ten children, and two grandchildren; the plaintiff, Charity Smith, being one of the children, and the other two plaintiffs being the grandchildren.   Previous to her death, to wit, in 1848, she executed a paper in the presence of three witnesses, conveying all of her estate to her children and grandchildren, providing therein for a partition in kind, by dividing the property into lots to be drawn for.   After the death of the said Mary, her children and the guardian of the grandchildren, who were minors, met together, and signed an agreement providing for a sale of the estate and a division of the proceeds.   In accordance with this agreement, the property was sold by agents appointed thereto, after which the parties met in the office of the ordinary for Spartanburg County, and divided the proceeds of the sale, the proceedings being recorded in said office.

At the sale of the real estate, Abner Smith, the husband of the plaintiff herein, purchased a portion of the land, one tract containing five hundred and eighty-seven acres, and went immediately into possession, continuing in possession until it was sold by the sheriff as the property of the said Abner in March, 1870, when John Oglesby, the ancestor of the defendants, became the purchaser.   Among the children of the said Mary Linder, were four married daughters, the plaintiff, Charity, being one.   At the sale of the land to Abner Smith, a deed was executed to him by all of the children, the married daughters, except Charity, also renouncing their inheritance in proper form.   This renunciation, however, was not signed by Charity.   It is conceded that the share of Charity in the estate of her mother was applied in payment of the purchase of the land bought by her husband, Abner.

Abner died in 1886, and soon thereafter the action below was commenced by Charity and the two grandchildren of Mary against John Oglesby for partition, Charity claiming one-eleventh and dower in nine-elevenths, and the two grandchildren each one-twenty-second part of said tract. After the commencement of this action, Oglesby died, and his administrator and heirs at law were made parties. The Circuit Court adjudged that the plaintiff, Charity, was entitled to recover the one-eleventh part claimed by her, and also her dower in nine-elevenths, but the complaint was dismissed as to the two grandchildren. There is no appeal from the grandchildren, so that they drop out of the case. The defendants, however, have appealed, assigning error to the decree below in favor of Charity, both as to her claim for her inheritance of one-eleventh and also as to her dower, and also because of some alleged informality in making the administrator and heirs at law of John Oglesby parties to the proceeding after the death of the said Oglesby.

The claim for the inheritance is contested by the appellants on the ground of the family settlement referred to above, which, it is urged, should estop the plaintiff from claiming, although she failed to relinquish her inheritance on the deed to her husband at the sale above mentioned. And the dower is contested because of a certain written agreement executed by Charity upon a valuable consideration in 1870, when married women were allowed, under the law as then of force, to make contracts as fully as a *feme sole.*

In the recent case of *Charity Smith et al.* (the same plaintiffs as here) v. *Alonzo Tanner et al.*, 32 S. C., 259, the question as to the inheritance of Mrs. Smith in a certain tract of land sold under the agreement above referred to, and under precisely the same facts as here, this court held that the family arrangement entered into was binding and conclusive against the claim of Mrs. Smith, notwithstanding the fact that she had not relinquished her inheritance, or, at least, that no formal relinquishment appeared among the papers. In the face of this case, it is hardly necessary to go into a full discussion of this question again. For such a discussion, we deem it sufficient to refer to that case, and especi-

ally we refer to the authorities therein cited and relied upon for our conclusion there.

As to the claim of dower. It appears that Mrs. Smith in March, 1870, when the act giving a married woman the power to contract and be contracted with, the same as if she was unmarried, was of force, executed a written instrument in the presence of two witnesses besides her husband, by which she agreed to release all her right and title to dower in said land if Lee Linder or the defendant would pay to her daughter, Mrs. Wood, about five hundred and seventy-five dollars. This money, it seems, was paid by the defendant to Mrs. Wood, or to her husband, in consequence of the execution of this paper; but it does not appear that any renunciation of dower was ever formally executed. Now, the question arises, what effect is this paper to have upon her claim for dower?

It must be remembered that at the time of its execution, under the act of the general assembly then of force, she was legally a *feme sole* as to the power of contracting and being contracted with. She had this power without limit, except such as applied to all other persons. Such being the fact, we cannot see why she could not make at that time a binding contract to release her claim for dower, as well as a contract with reference to any other matter. If she had this power, she certainly exercised it, and that, too, in a formal manner in writing and for a valuable consideration in money, which was paid. We must think that this contract, made and executed in this manner, was a binding contract, and while not conveying the dower to the defendant in the manner required by the act in such cases made and provided, yet should estop Mrs. Smith from now claiming it. The doctrine of estoppel is a salutary doctrine, and frequently prevents fraud, and it seems to us that its application is demanded here. Oglesby parted with his money, over $500, upon the faith of this agreement made by Mrs. Smith; there has been no offer to return this money, and it would be very inequitable to allow her to recover under such a state of facts. *Bull* v. *Rowe*, 13 S. C., 355; Big. Estop., 480. The cases relied on by the respondent's counsel, as to this doctrine when urged against a married woman, do not apply, for the reason that, in so far as the contract or agreement

involved here is concerned, Mrs. Smith was a *feme sole.* She had expressly all the powers of an unmarried woman.

The other points raised by the appellants involve questions of practice merely, and after the decision above of the main questions, as to rights of the parties in the property involved, these questions are unimportant.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, on the grounds hereinabove.

MR. JUSTICE McGOWAN concurred.

MR. JUSTICE McIVER also concurred, and said: In concurring in this opinion, I desire to say, that while at first view it seems to be inconsistent with the decision in *Townsend* v. *Brown* (16 S. C., 91), yet there is really no conflict whatever. In that case it was not made to appear that the wife had received a valuable consideration for signing the deed; and the circumstances would seem to indicate that such was not the fact. Hence, no effort was made, or could have been successfully made, in that case to sustain the renunciation of dower upon the ground that the wife having made a valid contract to renounce her dower, the specific performance of which would have been enforced by a Court of Equity in order to avoid circuity of action, the doctrine of estoppel should be applied. Here, however, it does appear that there was a valid contract, based upon a valuable consideration, made at a time when a married woman had an unlimited power to contract, and hence the doctrine of estoppel becomes applicable. This view was very plainly indicated by Mr. Justice McGowan in *Shelton* v. *Shelton;* 20 S. C., at page 566.

Judgment reversed.