## McKENZIE v. SIFFORD.

1. DOWER—NUDUM PACTUM—RES ADJUDICATA—CANCELLATION OF INSTRUMENT.—The covenant to release right of dower sued on herein held to have been executed for valuable consideration, and that the question of the consideration of this instrument was not determined in a case involving the consideration of another instrument executed by the same parties at the same time.

2. IBID.—EQUITY.—Where a wife executes, for valuable consideration, a covenant to release her right of dower, when called on, and then brings an action to set it aside, she should repay the consideration before reaping the benefits of a judgment to cancel the covenant.

Before GARY, J., York, July, 1896. Reversed.

Action by Jane C. McKenzie against Stanhope A. Sifford, and Geo. W. S. Hart, as executors of Jos. S. McKenzie.

The facts are stated in the following Circuit decree:

This is an action against the defendants, Stanhope A. Sifford and George W. S. Hart, as executors of the last will and testament of Joseph Stanhope McKenzie, deceased, for

the purpose of having a certain release of all claim of dower
of the said Jane C. McKenzie in any and all lands owned
by her husband, the said Joseph Stanhope McKenzie, prior
to said release, and also to and in any lands or real estate
that might come to him at any time subsequent to the ex-
ecution of said release, declared null and void on the ground
that the same, as to the plaintiff, is *nudum pactum;* the
same having been delivered without any consideration.  It
appears from the evidence in the cause that in a former
action commenced in the county of York, in which the
said Jane C. McKenzie, the plaintiff in this action, was
plaintiff, and the defendants, Stanhope A. Sifford and George
W. S. Hart, as executors of Joseph Stanhope McKenzie,
along with Lawson K. Armstrong, Isaac A. Bigger and Jo-
seph Stanhope Starnes, were defendants, a certain agree-
ment of settlement and separation between the said Jane
C. McKenzie and her said husband, the said Joseph Stan-
hope McKenzie, executed on the 13th day of June, 1891,
was held and adjudged, as to the said Jane C. McKenzie,
to be without consideration, and to be *nudum pactum;* and
it was in that proceeding ordered, that the said agreement
be surrendered to the clerk of the court for York County,
to be marked canceled.  The Circuit decree was rendered
by Judge Benet on the 12th day of September, 1895, from
which the executors of McKenzie appealed to the Supreme
Court on one exception alone, as follows: "Error (under
the pleadings and the issue thereby made) in adjudging
the indenture to be void, and in ordering the same to be
delivered to the clerk of the court for cancellation—the re-
lief thus given not only not having been asked, but not
being within the scope of the action, and the order of the
Court thus furnishing the executors no protection whatever
in surrendering the said paper."  The decree of the Circuit
Judge was affirmed by the Supreme Court.  Pursuant to
the terms of the Circuit decree, the agreement has been
surrendered and canceled by the clerk of court on the 27th
day of February, 1896.  Shortly thereafter the plaintiff

commenced this action, alleging in her complaint that the indenture ordered to be canceled and the release of dower were executed at one and the same time, and were part and parcel of the same transaction, and that the said agreement to release dower was executed only by way of inducement to the execution of the canceled instrument, and plead the judgment of the court in the former action in bar, and further plead that the defendants are estopped by said decree from raising any of the questions raised in the former action and determined by the decree of Judge Benet. The agreement hereby sought to be set aside and canceled is as follows:

State of South Carolina, county of York. In consideration that my husband, Joseph S. McKenzie (from whom I am living separate and apart), has paid over to me all moneys, and returned to me all property belonging to me at the time of our marriage, and since acquired by me, and has, in addition thereto, paid me a sum of money approximating $1,000: Be it known that I, Jane C. McKenzie, in consideration of the premises aforesaid, and as an inducement to the settlement before recited, did promise and agree to renounce and release unto my said husband, his heirs and assigns, all my right or claim of dower to and in any and all lands now or hereafter owned by him, and also to and in any and all lands, or real estate, that may hereafter .come to him by purchase or devise; and by these presents I do hereby solemnly adopt and confirm my said promise and undertaking, and do presently release and acquit to the said Joseph S. McKenzie, his heirs and assigns, all my right and claim of dower to and in any and all lands now held by him, or that he may hereafter acquire. And I do further bind myself to execute formal renunciation of dower, before any officer qualified to take same, in and upon any and all deeds of conveyance, or in and upon any other paper, as to any and all real estate held or to be held, so as to more fully evidence this release of claim of dower, whenever such formal renunciation should be evidenced in any other man-

ner. And on failure or refusal on my part to execute any paper contemplated or required of me by this covenant, within a reasonable time after request made of me, to forfeit and pay to the said Joseph S. McKenzie, his heirs or assigns, the sum of $1,000, liquidated damages, in good and lawful money. In faith whereof, witness my hand and seal, this 13th day of June, 1891. J. C. McKenzie. [Seal.] Attest: C. E. Spencer, J. A. Tate.

Upon the hearing of the case, the defendants contended that the former canceled agreement was separate and distinct from the above agreement, and that the former adjudication was in no sense a bar or estoppel to their defense to this action; that the consideration of the above agreement was different, the same being for a money value. From the way the case appears to me, I cannot accept this view. As I gather the facts, the case at bar and the former case, reported in 45 S. C., 496, in which the former judgment offered in evidence was rendered, arose out of one and the same transaction. In fact, the attorney who drew up both agreements so states. Major Hart, who was sworn as a witness, testified that he drew up both the agreements, and delivered them to Mr. Spencer to have them executed by the plaintiff, J. C. McKenzie. Besides, the agreement herein sought to be avoided recites the canceled agreement, and alludes to it as part of the consideration upon which it is based in the following words: "Be it known that I, Jane C. McKenzie, in consideration of the premises aforesaid, and as an inducement to the settlement before recited, did promise and agree to renounce and release unto my said husband, his heirs or assigns, all my right and claim of dower to and in any and all lands, &c." I, therefore, conclude, as a fact, that, although written on separate pieces of paper, the canceled instrument in the former suit and the agreement to renounce all claim of dower above set forth, are parts and parcels of one and the same transaction, and cannot be separated the one from the other. The two instruments are interlaced, and are mutually dependent.

Now, as to the agreement styled "the marriage settlement," Judge Benet decreed and found as a fact as follows: "The testimony shows that, at the date of its execution, McKenzie was indebted to his wife in the sum of $3,113, and, also, it must be held, in the further sum of $730, for rents received by him from her 200 acres of land. He had admitted that he had so ear-marked each investment he had made of his wife's money that he could, at any time, ascertain the exact amount of her separate estate, increased by interest. It is evident, that for far less than the amount due her by her husband on her money and interest alone, this unhappy and ill-used wife, in order to recover only a part of her own separate estate, which her husband was bound to restore to her in full, *was required to renounce and release unto him*, a man of large means, all claims for any support, *or any other claim*, solemnly and forever (italics mine). The statement of facts shows clearly that, as to the plaintiff, the indenture was entirely without consideration, a naked agreement, and, as such, it can neither bind nor estop Jane C. McKenzie. * * * The plaintiff's plea, therefore, that the indenture of settlement and separation was, as to her, without consideration, and *nudum pactum*, must be sustained." This decree was rendered in a cause in which the same parties were before the Court, and from this adjudication there was no appeal, the exception of the executors not bringing before the Supreme Court any question as to this finding.

I, therefore, find as a fact, that the consideration that moved the execution of the indenture of settlement and separation was the same as that of the instrument herein sought to be canceled, as expressed in the instrument, being "as an inducement to the execution of the indenture." I, therefore, hold, that the alleged covenant of the plaintiff is without consideration, and as to her *nudum pactum*, on the same ground that the indenture of settlement and separation was held to be. The facts adjudicated in the former action being, as I have shown, between the

same parties, are conclusive as to the same facts in this case. As to the rights of the parties other than the agreement herein sought to be annulled, I make no decision. I do not think I am warranted, under the pleadings, in passing upon the rights of the parties under Judge Benet's decree further than I have above indicated, and especially so since the plaintiff, upon the hearing, on her own motion, had the first cause of action dismissed.

It is, therefore, ordered and adjudged, that the alleged agreement executed by Jane C. McKenzie on the 13th day of June, 1891 (a copy of which is set forth in this decree), be, and the same is hereby, declared null and void and of no effect. It is further ordered, that the plaintiff recover of the defendants her proper costs and disbursements in this action.

The following is the paper called the indenture:

South Carolina, York County. This indenture, by and between Joseph S. McKenzie, husband, and Jane C. McKenzie, his wife, witnesseth: That whereas the said Jane C. McKenzie, for divers reasons which she deems sufficient, desires to live separate and apart from the said Joseph S. McKenzie; and whereas the said Joseph S. McKenzie, upon request of the said Jane C. McKenzie, and for the consideration hereinafter stated, has returned to the said Jane C. McKenzie all moneys and other property that came into his hands by reason of the relation of husband and wife, or by reason of the prior relation as guardian of the estate of the said Jane C. McKenzie, and has also paid over to the said Jane C. McKenzie other moneys, aggregating about $1,000, over and above the principal sums received by him on account of the estate of the said Jane C. McKenzie: Be it known that we, the said Joseph S. McKenzie and the said Jane C. McKenzie, husband and wife, at present living separate and apart from each other, do hereby, each for himself and herself, renounce, release unto the other, all claim for any further account or for any moneys or pro-

perty to be paid or delivered by one to the other, either by way of support, maintenance, alimony or in any other manner of claim, either at law or in equity, solemnly and forever. In faith whereof, witness our hands and seals, this 13th day of June, 1891. J. C. McKenzie. [Seal.] J. S. McKenzie. [Seal.] Witness as to Mrs. Jane C. McKenzie, C. E. Spencer. Witness as to Joseph S. McKenzie, James F. Hart. This release on Mrs. McKenzie's part is independent of my rent for 1891 and of my personal articles at Mr. McKenzie's. Jane C. McKenzie, per C. E. Spencer. Canceled by order of Court, in the case of Jane C. McKenzie *v.* Sifford and Hart, executors, *et al.*, defendants. W. Brown Wylie, C. C. C. Pls. This 27th February, 1896.

From the Circuit decree the defendants appeal.

*Mr. Geo. W. S. Hart*, for appellants, cites: 6 Metcalf, 415; 5 East., 449; 1 Denio, 43; A. D., 653; 21 S. C., 240; 17 S. C., 42; 41 S. C., 176; 5 Wall., 592; 20 S. C., 566; 24 S. C., 281; 29 S. C., 121; 38 S. C., 124.

*Mr. Wm. B. McCaw*, contra, cites: *On questions adjudicated:* 22 S. C., 105; 15 A. D., 256; 8 S. C., 289; 31 S. C., 576; 19 S. C., 399; 17 S. C., 35; 19 S. C., 150; 47 S. C., 547. *Parol testimony inadmissible to alter written instrument:* 31 S. C., 259, 262; 9 S. C., 92. *Married woman's contract must contain declaration of intention to bind separate estate:* 38 S. C., 432, 519; 39 S. C., 537.

· March 12, 1897. The opinion of the Court was delivered by

Mr. Chief Justice McIver. Without undertaking to make any detailed statement of the facts of this case, we propose to state certain facts appearing in the record of this case, most, if not all, of which are undisputed, which, it seems to us, should be kept in mind while considering the questions presented by this appeal. Some time in the year 1877 the plaintiff intermarried with the testator, Joseph S. McKenzie, and the parties for several years lived together,

as man and wife, until some time in the year 1891—probably about the 12th of January—when they separated. Very soon thereafter—certainly as early as the 13th of February, 1891—negotiations were opened between these parties looking to a final separation and a final settlement of all claims which the plaintiff had against her said husband, growing out of the fact that he had been her guardian, and as such had received certain moneys belonging to her as her separate estate, which had remained in his hands as her agent, after she attained her majority, as well as claims for the rents of a certain tract of land belonging to her separate estate. In these negotiations, which were conducted mainly in writing, the plaintiff was represented by Mr. C. E. Spencer, as her counsel, and the testator, Jos. S. McKenzie, was represented by Major James F. Hart, as his counsel. In the first letter, bearing date the 13th of February, 1891, which, though not addressed to any one on its face, was manifestly intended for Jos. S. McKenzie, as shown by its contents, as well as testified to by Mr. Spencer, which is signed by Mr. Spencer, he says: "After conferring with your wife, I am authorized to say, that she will give you a discharge as her agent, if you will account to her for the following sums and interest (specifying dates and amounts and the net rents of her land, which are left blank), and give back to her personal property that she took with her to your home and bought subsequently" (specifying the different articles). To this letter no reply appears in the "Case," but it does appear, both from the testimony of Mr. Spencer and Major Hart, that there were verbal negotiations between these gentlemen, in which the only point of difference seemed to be, whether the husband was liable for interest on his wife's money in his hands or for the rent of her lands. The next step in the negotiation is a letter from Mr. Spencer to Major Hart, in which he says that Mrs. McKenzie declined the offer of $2,000, which seems to have been made by Mr. McKenzie, and adds these words: "Mrs. McKenzie's money and interest will amount to something over $3,000. What-

30—48

ever she is entitled to recover will not affect her right to
dower or to a support during the separation. These two
items alone are worth $1,000, and ·her estate without inte-
rest will be $2,000. Accordingly, she authorizes me to
offer.to give "a release for all moneys and for future sup-
port, and also to renounce all dower in his lands, upon the
payment of $3,000, with interest from the day she left his
house." This offer was subsequently amended by a writing
signed by Mr. Spencer, with the written approval of Mrs.
McKenzie, bearing date 15th May, 1891, by which the in-
terest on the $3,000 was to run from said last mentioned
date. This offer was accepted in writing by Major Hart for
Mr. McKenzie, with the written approval of Mr. McKenzie.
In pursuance of this negotiation thus above set forth, omit-
ting certain minor modifications as to the specific articles
of personal property claimed by the wife, as well as to the
rents of her land for the year 1891, which are really not
pertinent to the questions presented by this appeal, the two
papers, copies of which should be set out in the report of
this case, were executed by the parties on the 13th of June,
1891. These two papers, for convenience of reference, will
be designated, the one as the indenture and the other as the
covenant. As is stated by his Honor, Judge Ernest Gary,
in the first paragraph of his decree, from which this appeal
is taken, the object of this action is to have the paper desig-
nated as the covenant "declared null and void, on the ground
that the same, as to the plaintiff, is *nudum pactum*, the
same having been delivered without any consideration."
And in the concluding part of his decree, after having set
forth the proceedings in a former action heard by his Honor,
Judge Benet, as to the validity of the other paper—the in-
denture—he finds that the consideration that moved the
execution of the indenture was the same as that of the
covenant, and then uses this language: "I, therefore, hold
that the alleged covenant of the plaintiff is without con-
sideration, and as to her *nudum pactum*, on the same ground
that the indenture of settlement and separation was held to

be." These quotations from the decree of the Circuit Judge show conclusively that he rested his judgment solely upon the ground that the covenant was *nuduu pactum*, without consideration, as to the plaintiff; and an examination of his entire decree, which should be set out in the report of this case, will show that the Circuit Judge nowhere considered or decided the question whether the covenant was void because executed by a married woman; and the counsel for respondent has not, in accordance with the proper practice, given notice that he will ask this Court to sustain the Circuit decree upon that ground. Hence that question is not before this Court under this appeal, and need not, therefore, be considered.

As we understand it, the sole question presented by this appeal is, whether the Circuit Judge erred in holding that the covenant, which is here in question, should be declared null and void as to the plaintiff, for the reason that, as to her, it was executed without any consideration. This question, as it seems to us, must be decided by the testimony adduced in this case, without reference to the testimony adduced in another case, involving a different and distinct issue from that presented in the case now under consideration. In the former case, heard by Judge Benet, the question was, whether the indenture could operate as a bar, either by way of estoppel or otherwise, to the claim of the plaintiff there set up; and it was held that it could not, because, as against the plaintiff, such indenture, being without consideration, was a nullity. That question, and that alone, was conclusively determined by the decree of Judge Benet, and hence every party to that action would be estopped, upon the doctrine of *res adjudicata*, from afterwards raising *that question*. But how that decree could estop the defendants here from raising *another* question, in regard to the validity of *another* paper, which was not considered or passed upon, not even mentioned or alluded to, in the former action, is something that we are unable to understand. It may be that the evidence was

sufficient to show in the former case that the indenture
was without consideration, and yet it would by no means
follow that the evidence in this case was sufficient to show
that the covenant was without consideration. It is true,
that both of these papers were executed on the same day, and
even if it should be conceded that they both arose out of
the same transaction, though the testimony *in this case*
might leave that matter open to question, still these circum-
stances would not be sufficient to show that the covenant was
without consideration, simply because it had been shown in
another case that the indenture was without consideration.
Judge Benet, in his decree in the former case, speaking of the
indenture, says: "The testimony shows that at the date of its
execution, McKenzie was indebted to his wife in the sum of
$3,113, and, also, it must be held, in the further sum of
$730 for rents received by him from her 200 acres of land."
But, in this case, the testimony fails to show anything of
the kind. The most that can be said is, that, in the outset
of the negotiations above referred to, Mr. Spencer, repre-
senting Mrs. McKenzie, *claimed* that her husband was in-
debted to her in the principal sum of $1,961.78 and interest,
besides the net rents of her land, the amount of which was
not stated; but Mr. Hart denied this claim, so far as the in-
terest and rents were concerned, and, according to Major
Hart's testimony, which Mr. Spencer does not deny, Mr.
Spencer yielded to the position taken by Major Hart; and
this is confirmed by the letter of Mr. Spencer, of the 3d of
May, 1891, above referred to, in which he abandons the
claim for interest and rents, and substitutes, in lieu thereof,
a claim for dower and support during the separation, which,
he says, are worth $1,000, and upon those terms the settle-
ment was finally effected. It is true, that Mrs. Tate, the
mother of Mrs. McKenzie, does testify that she heard Mr.
McKenzie say that he was willing to give Mrs. McKenzie
all the money that was due her, as well as the interest
thereon; but this was manifestly said before the negotia-
tions for a settlement were opened, and before any demand

had been made upon him for alimony or support during the separation. At all events, when the settlement was made and reduced to writing, the claim for interest and rents seems to have been abandoned. Indeed, so far as we can perceive from the testimony in this case, the only point of difference between the counsel for the respective parties— the husband and the wife—was, whether the husband was liable for the interest on his wife's money, which had been allowed to remain in his hands, or for the rents of her land, which he had been allowed to receive; and as to that it is not difficult to understand how, in view of the cases of *Reeder & Davis* v. *Flinn*, 6 S. C., 216, and *McLure* v. *Lancaster*, 24 S. C., 273, there might well have been an honest difference of opinion between those counsel, as to whether the husband was liable, either for interest or rents. We find it altogether impossible to believe that, in this settlement, where the respective parties were represented by experienced, able counsel, of unquestioned character, any improper advantage was taken of either party. The most that can be said is, that a claim which was certainly disputed, if not doubtful, was yielded in a proper spirit of compromise. We cannot, therefore, concur in the conclusion that the covenant was without consideration, and for that reason should be set aside.

If it should be said that this view is in conflict with the conclusion reached in the former case, in which the validity of the indenture only was involved, we have only to say, as we have said above, that while the judgment in the former case, upon the doctrine of *res adjudicata*, would estop any of the parties to that case from raising any question *as to the validity of the indenture*, it does not estop them from now contending for the validity of another paper— the covenant—executed for another purpose. The object of the one paper—the indenture—was to release Mr. McKenzie from any claim which his wife might have against him on account of her separate estate, as well as from any claim for alimony; while the object of the other paper—the cove-

nant—was to bind Mrs. McKenzie to renounce her inchoate right of dower, whenever called upon to do so. It is also to be noted that the judgment in the former case became binding on the parties to that action, so far as the validity of the indenture is concerned, *not* by the action of this Court, but simply by the operation of the Circuit decree in that case, from which there was no appeal, except upon a ground which in nowise affects the question here considered. The case, as reported in 45 S. C., 496, shows very clearly that neither this Court nor any member thereof considered or expressed any opinion whatever as to whether Judge Benet was right or wrong in reaching the conclusion that the indenture was without consideration, for the very obvious reason that no such question was then before the Court. We have, therefore, felt no hesitation in this case in considering the whole question of consideration, taking care, however, to limit the effect of the conclusion which we have reached to the paper—the covenant—which was *not* in issue in the former case, but which *is* in issue in this case.

But, it seems to us, in any view of the case, the plaintiff is not entitled to retain the judgment she has obtained, unless she refunds the money which she acknowledges having received as the consideration of the covenant. In that paper, she recites that she had received "a sum of money approximating one thousand dollars," and there is no testimony in conflict with that recital. Mrs. McKenzie herself, though examined as a witness in this case, does not deny that she received this money. The amount thus stated exceeds the value of her inchoate right of dower, as estimated by her own counsel, Mr. Spencer; for, in his letter of the 8th of May, 1891, above referred to, after speaking of the amount due Mrs. McKenzie on account of her separate estate, he says: this "will not affect her right to dower, or to a support during the separation; these *two* items alone are worth $1,000," showing very clearly that the inchoate right of dower, by itself, was not estimated to be worth as much as $1,000. If, therefore, she received

this sum of money as the consideration of her covenant to renounce her dower, surely she ought, upon the plainest principles of equity, to be required to refund the money so received, before she can have the covenant annulled.   We do not see how the finding of Judge Benet, in the former case, in reference to this matter, to the effect that the sum of one thousand dollars should be regarded as representing the interest and rents, can affect this case.   But, in addition to this, the testimony in this case, as we have seen, shows that the claim for interest and rents had been abandoned, and, therefore, it is impossible to assume, in this case, that the one thousand dollars mentioned in the covenant, as having been received by Mrs. McKenzie, represented the interest and rents.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the case be remanded to that Court for a new trial, when the plaintiff may, if so advised, have the question whether the covenant should be set aside because the plaintiff was a married woman at the time she executed it, determined, which question has not been made by this appeal, and has not, therefore, been considered.

Mr. Justice Pope, *concurring*.   Influenced possibly by a sympathy with the injured wife, I was at first inclined to hold that the judgment of the Circuit Court should be affirmed; but more mature reflection has convinced me that it would be unwise to declare the instrument, known as the "Covenant," null and void, because without consideration. Both parties—the husband and wife—were represented by counsel of their own choice and of recognized ability.   This paper was signed as the result of careful consideration by them.   No fraud, mistake or accident is alleged.   Having thus solemnly made this "Covenant," neither party to it should be allowed, on the ground of want of consideration, to disregard it.   I have, therefore, concurred.