McKenzie v. Sifford.

1. Laches.—Plaintiff not guilty of laches in bringing this action.
2. Dower.—A married woman, during coverture, cannot release her inchoate right of dower except by private examination by proper officer, as required by statute. *Following Townsend* v. *Brown*, 16 S. C., 95.
3. Ibid.—Married Women—Cancellation of Instrument.—A married woman, who has executed for value a covenant or deed, binding herself to renounce her inchoate right of dower in her husband's

lands then owned, or thereafter to be acquired, cannot have such agreement amended without refunding the consideration. MR. JUSTICE GARY *dissents*.

4. RES JUDICATA.—The question as to the cancellation of the "covenant" upon refunding the consideration is *res judicata*.
5. COSTS.—Judgment of Circuit Judge as to costs affirmed.

Before BUCHANAN, J., York, May, 1897.    Modified.

Action by Jane C. McKenzie *v*. Stanhope A. Sifford and George W. S. Hart, as executors of Joseph S. McKenzie. Judgment for plaintiff.    Defendant appeals.

*Mr. Geo. W. S. Hart*, for appellant, cites: *Dower can only be renounced as required by statute:* 16 S. C., 95; 33 S. C., 194.    *No laches here:* 43 Am. Dec., 653; 1 Strob. Eq., 65; 39 Am. Dec., 745; 5 East., 449; 21 S. C., 240. *Covenant cancelled only upon repayment of consideration:* 48 S. C., 470; 50 S. C., 319; 37 S. C., 150; 2 Wis., 377; 20 Cal., 45; 15 Cal., 82; 32 Vt., 552; 5 East., 449; 43 Am. Dec., 653; 42 Ind., 377; 21 S. C., 240; Cheves, 63.

*Messrs. Wm. B. McCaw* and *L. W. Perrin*, contra, cite: *Married woman no power to make covenant:* 26 S. C., 577; 27 S. C., 532; Con. 1868, sec. 8, art. XIV.; I Strob. Eq., 27; 16 S. C., 96; 1 McC., 12; 14 Stat., 325; 24 S. C., 461; 28 S. C., 303; 33 S. C., 167; 19 Stat., 819; 38 S. C., 319; 26 S. C., 517; 16 S. C., 410; 21 S. C., 66. *Point not raised below will not be heard here:* 48 S. C., 429; 40 S. C., 538; 23 S. C., 70; 45 S. C., 60. *Silent acquiescence not estoppel:* 1 Strob. Eq., 165; 13 S. C., 309.    *Husband has no equity to demand repayment of consideration:* 2 Rich., 318.    *Payment of purchase money will not estop married woman from denying deed:* 16 S. C., 410.    *Estoppel does not apply to married women:* 2 Gray, 161.    *Question not res judicata:* 48 S. C., 222; 23 S. C., 70; 30 S. C., 455.

March 24, 1898. The opinion of the Court was delivered by MR. JUSTICE POPE.    Under the judgment of the Supreme

Court of this State in the above stated action (48 S. C., 471), the plaintiff above named sought to show that the papers known as the "Covenant," wherein, for a money consideration, the plaintiff had bound herself to renounce dower in all the lands owned during their coverture by her husband, Joseph S. McKenzie, now deceased, should be set aside, because she was a married woman at the time of its execution, to wit: on the 13th day of June, in the year 1891. The trial was had before his Honor, Judge Buchanan. By his decree, he held that, inasmuch as the dower, or, rather, the inchoate right of dower, had not been renounced, as required by law, that the paper known as a "Covenant" was null and void, and should be cancelled by the clerk of circuit court for York County, in this State. He further held that the plaintiff incurred no liability to restore to the defendant the $1,000 received by her as a consideration for the execution of said covenant, as a condition precedent to being restored to her right to claim dower in all the lands of which Joseph S. McKenzie was seized in fee during his coverture with the plaintiff; and, also, he held that the plaintiff was not wanting in diligence in seeking to set aside the paper known as the "Covenant," her husband having died 2d June, 1894, and this action having been brought on 27th March, 1896.

The defendants appeal from the decree of Judge Buchanan, raising these propositions: "1. That the plaintiff could, and did in 1891, make a valid and binding contract to release her right of dower set forth in the covenant. 2. That plaintiff, by silent acquiescence and her conduct otherwise after coverture, has furnished sufficient proof of her election to ratify and confirm the covenant, and to retain the consideration, rather than to return same and have release annulled. 3. That, in any event, plaintiff cannot have the covenant cancelled, except on the condition that she place the estate of the release *in statu quo* by returning the $1,000 received by her to the defendants, with interest thereon from 13th June, 1891. 4. Error in awarding costs to plaintiff."

The plaintiff's attorneys gave notice that, on the hearing

of defendants' appeal, they would urge the Court to support the decree on the ground "That the alleged covenant executed by Jane C. McKenzie, a married woman, on the 13th day of June, 1891, did not affect the separate estate of the plaintiff, nor was it made with reference to it nor for its benefit, nor was any intention to convey or charge her separate estate declared or set forth in such alleged covenant." The contentions between these parties have already reached this Court on two former occasions. See 45 S. C., 496, and 48 S. C., 458. This paper styled, for convenience, the "Covenant," is reproduced in the latter appeal, and it will be sufficient for the purposes of this appeal to state that it is an agreement under the hand and seal of the plaintiff, Jane C. McKenzie, made on 13th June, 1891, in the presence of her then attorney, C. E. Spencer, Esq., and her mother, Mrs. J. A. Tate, for the consideration of another settlement, and also in consideration of about the sum of $1,000, paid to her by her husband, Joseph S. McKenzie, whereby the said Jane C. McKenzie bound herself to and did then, in that instrument, convey all her right or claim of dower to said husband, his heirs and assigns, forever, in and to all lands he then owned or might thereafter acquire. And also bound herself to execute formal renunciation of her said dower before any officer qualified to take the same, in and upon any and all deeds of conveyance, or in and upon any other paper. And on her failure to do so, she agrees to forfeit the sum of $1,000 unto the said Joseph S. McKenzie, his heirs and assigns, as liquidated damages, in lawful money. Her husband died on 2d June, in the year 1894, and in March, 1896, she brought this action against his executors to set aside this "Covenant," with a view thereafter, no doubt, to sue for her dower in each tract of land owned by her husband during coverture. It is well, at the outset, to state that the plaintiff has avowedly brought her action for equitable relief, and the defendants have interposed equitable defenses to her said action. The parties are, therefore, in a court of equity. We will now consider the matters of appeal.

So far as regards the charge of *laches* affecting plaintiff's right to bring the action to cancel the covenant, we cannot agree that she has omitted to take action until it was too late. No change in the estate of Joseph S. McKenzie has taken place which her delay to sue will prejudice, so far as the "Case" discloses, and then, besides, the executors might have claimed exemption from suit for twelve months after their testator's death, which would have carried the plaintiff beyond June, 1895; and she did sue in about nine months after the latter date, March, 1896. Under the circumstances of this case, we agree with the Circuit Judge, that the plaintiff has shown reasonable diligence. The second proposition is overruled.

Now, did she, as a married woman, pursue the plan necessary under our laws prior to the adoption of the Constitution, which went into effect on 31st December, 1895, to renounce her inchoate right of dower in her husband's lands? Under the act of 1795, which is still retained on our statute books, a wife was compelled to renounce dower before a particular set of officers, in a specified form, in order to debar herself of dower. All these matters are now settled in this State by the case of *Townsend* v. *Brown*, 16 S. C., 95–99. The present Chief Justice pronounced the opinion in that case, and by it carefully disposed of all the questions that cluster about the power of a married woman under the Constitution of 1868 and acts of the legislature in relation thereto. The result of that case was, the Supreme Court saw "nothing in the Constitution or in the act of 1870 which can have the effect of depriving a married woman of the safeguard which the law has, from time immemorial, thrown around her highly-favored right of dower, by requiring a privy examination as a condition precedent to an effectual renunciation of dower." We must overrule the first proposition of appellants. The Circuit Judge was correct in his holding on this point also.

We think, however, there is merit in appellant's third proposition. We cannot understand how the plaintiff can

be allowed by a court of equity to retain the $1,000, which was paid to her as the consideration for renouncing her dower in Joseph S. McKenzie's lands, and still have that court to cancel her deed of covenant binding her to renounce her right of dower. She is entitled to have the covenant cancelled, but, as a condition precedent thereto, she must pay to the executors of Joseph S. McKenzie, deceased, the sum of $1,000, with interest thereon from 13th June, 1891, up to the date of such payment by her to said executors. We wish to be understood in this ruling. Here there is no claim that Mrs. McKenzie was overreached in any way. There is no allegation of fraud, or accident, or mistake. Possibly, if she had been dealt with in a fraudulent manner, the Court, as a punishment to the perpetrator of the fraud upon her, would have stayed its hand in requiring this money paid back to J. S. McKenzie's estate before it cancelled this "Covenant." But she was only under the disability of coverture. Her case is just like that of a minor who receives a deed of conveyance for a tract of land, and executes his note to the vendor for the purchase money; after his majority, upon his complaint, a court of equity would release him from paying the note, but would require him, at the same time, to reconvey the land to his vendor. But, in addition to these views, and what is of more value in this connection, the opinion of this Court on the first appeal in this case—48 S. C., 470—is conclusive on this point. Its language is: "But it seems to us, in any view of the case, the plaintiff is not entitled to retain the judgment she has obtained, unless she refunds the money which she acknowledges having received as the consideration of the covenant. In that paper she recites that she has received 'a sum of money approximating $1,000,' and there is no testimony in conflict with that recital." The plaintiff is bound by this holding of the Court. *Garrett* v. *Weinberg*, 50 S. C., 319; *Sanders* v. *Bagwell*, 37 S. C., 150.

These views will necessitate a modification of the Circuit

decree, by requiring the Circuit Court to formulate an order fixing a period of sixty days in which the plaintiff may pay to the defendants as executors the sum of $1,000, with interest thereon from the 13th June, 1891, up to the date the $1,000 is paid to the executors, as the condition precedent to the cancellation of the covenant; and further providing in said order that if the plaintiff, at the end of the sixty days in which she may pay the said sum of $1,000, has not so complied with such order, that she shall be forever estopped from interfering with said "Covenant."

Lastly, as to the exceptions relating to that part of the decree requiring the defendants to pay plaintiff's costs. This is an equity suit. In such suits the Circuit Judge, sitting as a Chancellor, is clothed with a large discretion as to costs, and we will not interfere with such discretion unless the error is palpable. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be modified in accordance with the views herein expressed.

MR. CHIEF JUSTICE MCIVER concurs in result.

MR. JUSTICE GARY, *dissenting*. I dissent from so much of the opinion of Mr. Justice Pope as requires the plaintiff to return the $1,000 therein mentioned, as a condition precedent to the cancellation of the instrument of writing called the "Covenant;" and I concur in the result only, as to the other conclusions announced in the opinion.