CITY OF FLORENCE v. BERRY.

JUDGMENTS—SUPREME COURT.—A judgment of this Court affirming a Circuit judgment, under art. V., sec. 12, of the Constitution, by an equal division of the Justices of this Court, is binding authority in all similar subsequent cases.

Before GARY, J., Florence, winter term, 1898.　　Affirmed.

Indictment by the city of Florence against C. P. Berry. From Circuit order reversing judgment of city court, the city appeals.

*Mr. George Galletley,* for appellant (oral argument).

*Messrs. Wilcox & Wilcox,* contra (oral argument).

February 21, 1902.　The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.　The sole question presented by this appeal is as to the effect of a judgment rendered by this Court, where the members thereof are equally divided and the judgment below is affirmed, under the provisions of the Constitution.　Or, to state the question more specifically, whether such a judgment is of binding authority in any subsequent case presenting the same question, or whether it is only declarative of the law in the particular case in which such a judgment was rendered.　In this case, his Honor, Judge Ernest Gary, held that he was bound by

the judgment rendered in the previous case of *City of Florence* v. *Brown,* 49 S. C., 330, by an equally divided Court, whereby, under the Constitution, the judgment of his Honor, Judge Benet, was affirmed; and the practical inquiry in this case is whether Judge Gary erred in so holding.

This is an important question, and is now presented for the first time for the decision of this Court. After full argument and careful consideration, this Court is entirely satisfied that the view taken by the Circuit Judge of this question is the correct view; though the writer of this opinion frankly confesses that the conclusion reached is contrary to his original impressions, which have, however, been entirely removed by mature consideration. It is very obvious that the question turns upon the inquiry—what is the proper construction of the language used in sec. 12, of art. V., of the Constitution of 1895? So much of that section as is pertinent to this inquiry reads as follows: "In all cases decided by the Supreme Court, the concurrence of three of the Justices shall be necessary for a reversal of the judgment below; but if the four Justices equally divide in opinion, the judgment below shall be affirmed, subject to the provisions hereinafter prescribed," and the section then proceeds to state such provisions, to wit: that when a constitutional question is involved upon which "the entire Court is not agreed," or whenever any two of the Justices desire it, all the Circuit Judges shall be called to the assistance of the Supreme Court for the decision of such question or case. But as it cannot be pretended that any such contingency has yet been presented in this case, these additional provisions have no practical bearing upon our present inquiry, and no further reference to them need be made. The question, then, is what is the proper construction of the language of the section as above quoted, reading it as if it stopped at the word "affirmed?" There can be no doubt that, unless there is a concurrence of at least three of the Justices of this Court, no judgment of reversal can be rendered, and we think there can be as little doubt that where the Justices of this Court

are equally divided—two in. favor of affirming and two in favor of reversing the judgment below—"the judgment below *shall* be affirmed," for that is the express language of the section, except where the case falls under the provisions subsequently prescribed.

Again, it is very obvious that the framers of the Constitution did not intend that a concurrence of three of the Justices of this Court should be necessary to a rendition of a judgment of *any* kind; for, if so, why limit such requirement to a judgment of reversal, as they have done; and, what is more, have proceeded to declare that "if the four Justices shall be equally divided in opinion, the judgment below *shall* be affirmed." But, again, if no such provisions as we have been considering had been inserted in the Constitution, the practical result, where the four Justices of this Court were equally divided in opinion, would have been the same as that contended for by the appellant in this case. For the burden, of course, is on the appellant, and if he fail to satisfy the tribunal to which he has appealed, or a majority thereof, that there was error in the judgment appealed from, of course, such judgment would stand unimpaired, *not* as a judgment of the appellate tribunal, but as a judgment of the Court below; which, of course, would be the law of the particular case in which it was rendered, but not necessarily the law of any subsequent similar case. To avoid such a result, these. provisions which we have been considering were, no doubt, inserted in the Constitution with a view to secure an authoritative decision of every case brought before this Court. This view is greatly strengthened, if not rendered absolutely conclusive, by the fact that we find at page 631 of the journal of the Constitutional Convention of 1895, when sec. 12, of art. V., of the Constitution was under consideration, the following amendment was proposed to that section: "but whenever the said Court is equally divided upon any question, the judgment or order appealed from shall stand affirmed: *Provided, however,* That the same shall not be binding authority upon any of the Courts of the State except in

the particular case thus determined;" but this amendment was never adopted. It will thus be seen that the attention of the framers of the Constitution was specially directed to the very point which we are now considering, and they were invited to insert in the section such language as would express the view contended for by the appellant; but this they not only declined to do, but, on the contrary, did insert the language now found in the section; which we construe as meaning that where a judgment is affirmed by a divided Court, such a judgment must be regarded as a judgment of the Supreme Court, and as such is binding authority in all subsequent similar cases until it is overruled by competent authority.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.