SELLERS v. HOME FERTILIZER CHEMICAL WORKS.

SERVICE OF FOREIGN CORPORATION.—In an action by a resident against a foreign corporation to set aside a judgment obtained by the corporation against him, service on the attorney obtaining the judgment after it was entered is a good service on such corporation.

Before GAGE, J., Marion, May, 1906.   Affirmed.

Motion to set aside service of summons in John C. Sellers against Home Fertilizer Chemical Works.   From Circuit order refusing the motion, defendant appeals.

*Mr. L. D. Lide,* for appellant, cites: 8 S. C., 100; 1 Hill, 185; 61 S. C., 361.

*Mr. Ferd D. Bryant,* contra, cites: Code, 155; 61 S. C., 367.

March 19, 1907.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This appeal is from an order of Judge Gage at Chambers, refusing a motion made upon notice and affidavits to set aside the service of summons, because not made upon the proper person, the defendant specially appearing for this purpose and no other.   Plaintiff also presented affidavits in support of the validity of the service.

It appears that defendant obtained a judgment against plaintiff, which was duly entered up March 30th, 1904, in which action defendant was represented by the law firm of Montgomery & Stackhouse, that the said judgment has not been paid, that the law firm composed of W. J. Montgomery and W. F. Stackhouse was dissolved before the commencement of this action, that the said Stackhouse represented defendant with respect to its judgment against the plaintiff, Sellers, herein, after the said law firm was dis-

344     SELLERS v. CHEMICAL WORKS.

solved and at the time of the service of the summons and complaint in this action was acting for the defendant, with power to collect the judgment which this plaintiff seeks to set aside.

The manner of service upon W. F. Stackhouse is thus described in the affidavit of Stackhouse: "That on the 9th day of March, 1906, Ferd D. Bryant, an attorney of the town of Marion, called up deponent over the telephone and asked deponent if he would accept service of papers against the Home Fertilizer Chemical Works, that deponent told the said Bryant that he was not their attorney and was not authorized to accept service; that on the 9th day of March, 1906, the said Ferd D. Bryant left summons in the case of John C. Sellers against the Home Fertilizer Chemical Works at the office of deponent during deponent's absence, and deponent found said summons upon his desk on March 10th, 1906; that deponent mailed the copy summons found upon his desk to the Home Fertilizer Chemical Works, with a statement of the method of service upon him." The record shows that the said Stackhouse approached Ferd D. Bryant on the afternoon of the 24th of April to know when the motion to set aside the summons would be heard, and that Stackhouse was present when this motion was made, but did not participate in it. The service upon Stackhouse was sustained by Judge Gage on the ground, "That at the time when the complaint and summons herein were served, he (Stackhouse) was acting for the defendant, with power to collect the judgment." This finding was based upon the testimony of Mr. Stackhouse to that effect on the hearing.

The exceptions question the correctness of this ruling, but in our view, they must be overruled. Section 155, of the Civil Procedure Code provides: "Such service can be made in respect to a foreign corporation only when it has property within the State, or the cause of action arose therein, or where such service shall be made in this State personally upon the President, Cashier, Treasurer, Attorney or Secretary, or any agent thereof."

Appellant contends that this means one who represents the foreign corporation as a general agent. This view, however, was not sustained in *Jenkins v. Bridge Co.,* 73 S. C., 531, 53 S. E., 991, in which case, by a divided Court, it was held that service upon a time keeper of a foreign corporation doing a piece of construction work in this State is a good service on the foreign corporation. In the prevailing opinion the Court declared, at page 532, that, "the Statute does not require that the agent be general, but is complied with by a service upon an agent having limited authority to represent his principle." Such a decision by a divided Court is binding as an authority. *City of Florence v. Berry,* 62 S. C., 469, 40 S. E., 871.

Under the facts as found by the Circuit Court the authority was determined when the judgment was obtained, as in *Treasurers v. McDaniel,* 1 Hill, 184, but continued active for the purpose of collecting the very judgment sought to be set aside as void.

We think the service was made upon one who was an agent of the defendant company in the sense of the statute.

The judgment of the Circuit Court is affirmed.