### 7665

### GAINEY v. ANDERSON.

1. MERGER.—DOWER renounced by the wife on a mortgage by the husband does not release her right of dower in the land conveyed by herself and husband by a joint deed in satisfaction of the mortgage debt, unless the evidence shows it was the intention of the parties to hold the mortgage open to protect against the right of dower. There being no evidence here that the grantee assigned to his purchaser an interest in the mortgage, or that he held the mortgage, the fact that the wife signed the deed in satisfaction of the mortgage debt shows merger, and this is strengthened by the presumption of the payment of the debt.

2. DOWER—DEED—ESTOPPEL.—The general warranty in the deed does not estop the wife from now claiming dower.

*Cases reviewed.*

Before SEASE, J., Darlington, June, 1909. Affirmed.

Action by Rebecca Gainey against Sarah M. Anderson *et al.* From judgment for plaintiff, defendants appeal.

*Messrs. Burke, Rivers* and *Erckman,* for appellants, cite: *Can a married woman bind herself not to claim dower?* 16 S. C., 91; 33 S. C., 198; 30 S. C., 305; 53 S. C., 1; 54 S. C., 524; 52 S. C., 104; 48 S. C., 470; 20 S. C., 566; 63 S. C., 166; 15 S. C., 162; 32 S. C., 116; 30 S. C., 302. *Does general warranty contain clear covenant against dower?* 9 Rich., 378; 5 S. C., 405; 2 Strob., 81; 2 Speer., 652; 27 S. C., 198; 12 S. C., 62; McM. Eq., 451; 11 Rich. Eq., 110; 74 S. C., 282; 54 S. C., 344; 78 S. C., 422; 1 Strob. Eq., 60; 75 S. C., 475. *The wife received valuable consideration for the deed:* 57 S. C., 560, 95; 1 McC., 514; 2 Hill Ch., 335; 15 S. C., 602; 18 S. C., 371, 604; 24 S. C., 465; 2 N. & McC., 133; 56 S. C., 169; 55 S. C., 9. *General warranty estops from denying title:* McM. Eq., 193; 3 McC., 411; 17 S. C., 592; 21 S. C., 70; 54 S. C., 138; 30 S. C., 302. *Conveyance amounted to foreclosure and renuncia-*

*tion on mortgage enured to deed:* 59 S. C., 569; 74 S. C.,
55; 23 S. C., 169; 36 S. C., 574; 24 S. C., 22.

*Messrs. McLaughlin & Tatum,* contra, cite: *Is plaintiff
guilty of laches?* Rice Eq., 158; 14 Cyc., 982. *Was plain-
tiff's deed voluntary?* 27 S. C., 201; 71 S. C., 577. *Does
the renunciation on the mortgage cure the omission on the
deed?* Rice Eq., 158; 5 S. C., 216. *Does the covenant of
general warranty estop her?* Code 1902, 2384, 2385; 2 Hill
Ch., 47; 16 S. C., 91; 20 S. C., 560; 33 S. C., 194; 52 S.
C., 104; 63 S. C., 126; 30 S. C., 302; 2 Scrib. on Dower,
263-5; Bigelow on Estoppel, 448, 450, 583.

September 13, 1910. The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK. In 1881, J. W. Gainey and his
wife, the plaintiff herein, gave McKinnon & McNair their
joint and several bonds, conditioned to pay a debt which
Gainey had contracted. At the same time, Gainey gave them
a mortgage of a tract of land, owned by him, to secure the
debt, and his wife duly renounced her dower thereon. This
bond and mortgage were assigned to Carrigan & Silcox. In
1894, the debt being still unpaid, Gainey and wife, by their
joint deed, containing the usual covenant of general war-
ranty, conveyed the land to Carrigan & Silcox in satisfaction
of the mortgage, though the consideration expressed in the
deed is $450, the amount then due on the mortgage. On
this deed, Mrs. Gainey did not renounce dower. In 1895
Carrigan conveyed his interest to Silcox, from whom the
defendants derive title by descent. Gainey died, and in
January, 1908, this action was brought by Mrs. Gainey to
recover her dower in the land. The decree below was for
the plaintiff.

The appellants contend that because the deed was taken
in satisfaction of the mortgage,—somewhat in the nature of
a voluntary foreclosure, by act of the parties,—and as dower

had been renounced on the mortgage, it should be
made to enure to the benefit of the grantees in the
deed and cure the failure of Mrs. Gainey to renounce
dower on the deed,—just as if the mortgage had been fore-
closed in Court.  The argument is that the parties ought to
be allowed to do for themselves voluntarily, and without
expense, and with the same result, what the Court would
have compelled at great expense.

When the wife of a mortgagor renounces her dower on
his mortgage, by her own act, she places herself in privity
of estate with him; and when the mortgage is foreclosed,
the Court acts upon and conveys the legal title by virtue of
the complete lien of the mortgage—the contract made by the
parties—and the purchaser at a sale under judgment of fore-
closure of such a mortgage takes the legal title and the
dower.  *Miller* v. *Bank,* 49 S. C., 427, 27 S. E., 514.  But
when the parties deal with the situation themselves by a new
contract, the Court can give to their contract no greater
force or effect than its terms import, under the rules of law.
A release of dower on an instrument,—whether a lease,
mortgage or deed of conveyance, attends upon and is inci-
dent to the principal conveyance—and endures with it, and
no longer.   If the principal conveyance never takes' effect, or
if it is satisfied or extinguished, by act of the parties or by
operation of law, the dower reverts, *eo instanti,* to the wife.
*Rickard* v. *Talbird,* Rice Eq., 158.

The general rule is that when two estates or interests in
the same property unite in the same person, in the same
capacity, the lesser is merged in the greater, unless a con-
trary intention appears; for the intention, express or
presumed, of the person whose interests are so affected
determines whether merger takes place or not.  In *McCreary*
v. *Coggeshall,* 74 S. C., 43-55, 53 S. E., 978, 7 L. R. A.
(N. S.), 433, Mr. Justice Woods, speaking for the Court,
after an able and elaborate review of the authorities in this
State and in other jurisdictions, reaches the conclusion that

"merger will not take place, if opposed to the intention of the parties, affirmatively proved or to be implied from the fact that merger would be opposed to the interest of the person in whom the different estates or interests became united."

Under this rule, the question arises whether the preponderance of the evidence showed an intention to keep the mortgage open; or, in the absence of evidence of such intention, whether it will be presumed from the circumstances—it being to the interest of the mortgagees to preserve the lien of their mortgage to protect the legal title against the plaintiff's claim of dower. Upon this question, the burden was upon appellants; for, when the circumstances under which merger ordinarily takes place are shown, the burden rests upon him who alleges that there was no merger to prove a contrary intention, or to prove facts and circumstances from which such an intention will be presumed.

The only direct evidence upon that point is that of Mrs. Gainey, whose testimony is uncontradicted. She testified that the deed was executed in satisfaction of the mortgage, and that the amount then due on the mortgage was $450. The fact that the consideration expressed in the deed is $450, the amount then due on the mortgage, tends to corroborate her testimony upon this point. It does not even appear that the bond and mortgage were retained by the mortgagees. They were put in evidence, but the record fails to show by whom they were introduced, or from whose possession they came.

The fact that Mrs. Gainey was asked to sign the deed with her husband tends to support the theory of merger, because it tends to show that the mortgagees thought that her signaure to the deed was sufficient to convey all her interest in the land, including her inchoate right of dower. If they so thought, there would have been no reason to want to keep the mortgage alive. If she had regularly renounced her dower on the deed, no reason could have been assigned

for an intention on the part of the mortgagees to keep the mortgage open. Moreover, it does not appear that Carrigan's interest in the land was conveyed subject to the mortgage, or that the conveyance was accompanied by an assignment of his interest in the mortgage, either of which would have been some evidence of intention to keep the mortgage alive, and the absence of which, of course, tends to prove the contrary. As there is no direct or circumstantial evidence of such intention, the only thing upon which a finding of its existence can be predicated is the presumption which arises from the fact that it would have been to the interest of the mortgagees, which is overthrown by the facts and circumstances above mentioned. There is another reason why the mortgage cannot avail appellants. More than twenty years had elapsed after the date of the mortgage before this action was brought. The mortgage was, therefore, presumed paid, and it was barred by the statute of limitations. Sec. 2449, Code 1902; *Jennings* v. *Peay.* 51 S. C., 327, 28 S. E., 949.

The next contention of the appellants is that plaintiff is estopped by the covenant of general warranty contained in the deed, for the execution of which there was a valuable consideration moving to her, to wit, the satisfaction of the bond which she had signed with her husband. As the deed was executed prior to the Constitution of 1895, the question must be determined by the powers conferred on married women by the Constitution of 1868, and the laws enacted thereunder; and no opinion is expressed as to the effect of such a covenant by a married woman since the adoption of the Constitution of 1895. In *Townsend* v. *Brown*, 16 S. C., 91, it was held that a married woman who executed, with her husband, in 1872, a quitclaim deed to a tract of land "in token of her renunciation and release of all right of dower in the premises," was not thereby barred of her dower; that the provisions of the Constitution of 1868 (art. XIV, sec. 8), that the property of a married woman

should not be, subjected to her husband's debts, but should
be held as her separate property, and might be bequeathed,
devised, or alienated by her the same as if she were
unmarried, did not apply to the wife's inchoate right of
dower—that not being the kind of property referred to in
the Constitution and act of 1870; that if she had been
made *sui juris* in all respects by the Constitution, the legis-
lature might, nevertheless, have required her privy exami-
nation as evidence of her signature to a deed; that the act
of 1795, providing the manner in which a married woman
shall renounce her dower, and the act of 1870, giving her
unlimited power to contract, having both been re-enacted
in the general statutes, must be construed together, so as to
make both effectual; and, therefore, that a privy examina-
tion of the wife, as required by the act of 1795, is a con-
dition precedent to an effectual renunciation of her dower.
The principles upon which that case was decided are con-
clusive of this question. And the matter would require no
further consideration, but for the fact that, by some later
decisions of the Court, an exception seems to have been
engrafted upon the principles decided in that case, and the
contention of appellants that the facts of this case bring it
within the exception.

In *Shelton* v. *Shelton,* 20 S. C., 560, the husband and
wife had entered into an agreement with the view of separa-
tion. The husband conveyed certain property to the wife,
which she agreed to accept "in lieu and in consideration of
all claims or demands upon the said Marshall Shelton (the
husband) or his estate, and hereby relinquish all further
claims upon him for support, or otherwise." It was inti-
mated, though not decided, that a wife might, since the
Constitution of 1868, and the laws passed thereunder, giving
a married woman the right to contract as if she were a *feme
sole,* so covenant not to claim dower, as to make it binding
upon her by way of estoppel; but, to do so, the covenant
"should be entirely free from doubt, clear, positive and

express in its terms." But it was *held* that, as the covenant in question did not, in express terms, exclude her right to dower, she was not barred.

In *Smith* v. *Oglesby*, 33 S. C., 194, 11 S. E., 687, the agreement on the part of Mrs. Smith, made during coverture, was express in its terms to release all her right and title to dower in said lands, and was based upon a valuable consideration, to wit, $575, which was paid to her daughter, according to the agreement. *Held,* that as her power to contract was without limit, except such as applied to all other persons, and as she was in contemplation of law, so far as the power of contracting was concerned, a *feme sole,* in the absence of an offer to return the money, she was estopped.

In *McKenzie* v. *Sifford,* 48 S. C., 458, 26 S. E., 706, the wife had covenanted with her husband, from whom she was separated, "to renounce and release unto my said husband, his heirs and assigns, all my right or claim of dower to and in any and all lands now or hereafter owned by him." After the death of the husband, she brought suit to set aside the covenant, on the ground that it was without consideration. *Held,* that it was upon the consideration of $1,000 paid to her, and that unless she refunded the consideration, she was not entitled to have the covenant set aside. In the same case, on a subsequent appeal (52 S. C., 104, 29 S. E., 388), it was held that the question of her liability to refund the consideration before she could have the covenant annulled (the Circuit Judge had held that she was not liable to refund it) was *res judicata,* under the judgment on the first appeal. The first proposition presented by the appellants in that case is thus stated by Mr. Justice Pope, who delivered the opinion: "That the plaintiff could, and did in 1891, make a valid and binding contract to release her right of dower set forth in the covenant." In disposing of that proposition, he said: "Under the act of 1795, which is still retained in our statute books, a wife was compelled to

renounce her dower before a particular set of officers, in a specified form, in order to debar herself of dower. All these matters are now settled in this State by the case of *Townsend* v. *Brown*, 16 S. C., 95-99." Chief Justice McIver concurred in the result, and Mr. Justice Gary dissented as to the holding that she was bound to refund the consideration, as a condition of having the covenant annulled, and concurred in the result on the other propositions. But, two of the Justices having concurred in affirming the decision of the Circuit Court on the proposition stated, the decision upon that point is the established law. *Florence* v. *Berry*, 62 S. C., 469, 40 S. E., 871.

It is unnecessary in this case to decide whether the *dictum* in *Shelton* v. *Shelton*, and the decision in *Smith* v. *Oglesby* are to be any longer adhered to, if, indeed, they have not, by necessary implication, already been overruled by the decision of *McKenzie* v. *Sifford, supra.*

At any rate, the principle announced in those cases should be extended no further; for the practical effect of holding that a married woman may, during coverture, estop herself by covenant from claiming dower in the lands of her husband, would be to annul the statute which requires that her dower shall be renounced in a specified manner, after her examination separate and apart from her husband, before certain officers designated.

In *Moon* v. *Bruce*, 63 S. C., 128, 40 S. E., 1030, the Court said: "If it be true, under the authority of the cases of *Shelton* v. *Shelton*, 20 S. C., 566, and *Smith* v. *Oglesby*, 33 S. C., 197, that a married woman, without the private examination and formalities required by the statute in relation to the renunciation of dower, could, upon valuable consideration, execute such a contract as would estop her from claiming dower, it is also true that under the same authorities, that to have such effect the contract 'should be entirely free from doubt, clear, positive and express in its terms.' " It was held that the covenant relied on in that case did not

clearly express an intention to release dower, and in concluding the opinion the Court said: "Having reached the conclusion that the intention to covenant to release dower is not clearly manifest from the terms of the instrument, it becomes unnecessary to consider whether the plaintiff had power to make such a contract to release dower as would estop her except by compliance with the statute, which prescribes the mode by which the favored right of dower shall be renounced. But, see *Townsend v. Brown,* 16 S. C., 91; *McKenzie* v. *Sifford,* 52 S. C., 108, 29 S. E., 388; and also *Brown* v. *Pechman,* 53 S. C., 2, 30 S. E., 586, which last mentioned case is in reference to the renunciation of inheritance of a married woman."

From what was said in *Shelton* v. *Shelton* and *Moon* v. *Bruce,* it is clear that the general warranty contained in the deed which plaintiff signed is not such a covenant as would estop her from claiming dower. True, the general warranty is held by implication to warrant against the claim of dower, for it warrants against all encumbrances; but it is certainly not "express in its terms" against such a claim.

The other points presented are involved in the foregoing considerations, in which we have assumed that the execution of the deed was voluntary, and that it was for valuable consideration.

Judgment affirmed.

Mr. Justice Gary *concurs in the result.*