13978

BOWEN v. STRAUSS *ET AL.*

(178 S. E., 252)

*Mr. L. D. Jennings,* for appellant,

*Messrs. R. O. Purdy* and *Epps & Epps,* for respondents,

January 15, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The complaint in this action is voluminous and complex, and requires some analysis to determine its exact character and purpose.

It alleges: That Sumter Trust Company is a corporation under the laws of this State, doing a banking and trust business; that the defendants are officers and directors of the corporation; that the Judge of Probate for Sumter County, on November 8, 1922, appointed Sumter Trust Company committee or guardian for Rep Fowler Jones; this trust continued until January 8, 1930, when the National Bank of South Carolina was substituted as such guardian; that the Sumter Trust Company suspended business February

17, 1927, at which time it had on deposit to the credit of Sumter Trust Company as committee or guardian of Rep Fowler Jones the sum of $2,719.50; that Sumter Trust Company, by its receivers, only turned over to its successor as committee or guardian for Rep Fowler Jones the sum of $1,057.90; that it was the duty of defendants as officers of Sumter Trust Company to safely invest the moneys belonging to Rep Fowler Jones, but instead the Sumter Trust Company took possession of such trust fund and recklessly and negligently converted it to its own use, and permitted it to be confused and commingled with its funds and property, and it is now impossible to identify the funds of the *cestui que* trust; that the acts of the Sumter Trust Company in thus commingling the trust funds with its own funds and the funds of others, were under the direction and control of the defendants; that by reason of the acts and ommissions of the defendants as specified, plaintiff has suffered loss and damage "to the extent of Three Thousand Dollars," for which he asks judgment.

Several defenses were set up, not all of which need be set out here. One of them pleads a defect of parties in that not all of the officers and directors of Sumter Trust Company are made parties; that the conduct of Sumter Trust Company in and about the funds of Rep Fowler Jones was guided and determined by the whole board of directors, at its regular meetings; that the funds received by Sumter Trust Company as guardian for Rep Fowler Jones were received from the United States government as compensation for services in the World War, such compensation at times varying from $20.00 a month to $100.00 a month, which was paid to Sumter Trust Company as guardian to hold and pay out from time to time to him as the needs of Rep Fowler Jones demanded and as the government required for the care and support of said Rep Fowler Jones, who was insane and confined in a government hospital; in these circumstances it was necessary for the Sumter Trust Company

to deposit these funds in a bank or savings institution in order that they be available for the needs of said Jones as they arose, and they were deposited in the Sumter Trust Company; it is denied that Sumter Trust Company converted any of these funds to its use, or that it confused or commingled them with its property, but, it is alleged, these funds were regularly deposited at interest in the Sumter Trust Company, and kept in a separate and special account as guardian for Rep Fowler Jones; denies all allegations of the complaint not admitted.

The case was heard by Judge Mann and a jury. At the close of the testimony for plaintiff, a motion for directed verdict in favor of the defendants was granted. The defendants offered no testimony.

The exceptions are numerous, but they need not be considered in detail.

The action is one sounding in tort; plaintiff's counsel so concedes. A careful study of the complaint reveals that the only tort alleged is that Sumter Trust Company, of which the defendants are officers and directors, deposited these trust funds in its own bank. It is true that the complaint alleges that Sumter Trust Company converted the funds to its own use, and that it confused and commingled them with its own and others' funds, so that they could not be identified, but the only conversion and commingling alleged or shown was due to the act of depositing the funds in its own bank. It is patent that the tort relied upon is the act of depositing the funds in the Sumter Trust Company. It must be kept in mind that this is not a suit in equity seeking an accounting, nor is it an action seeking to recover a specific sum of trust funds, nor is it an action for damages for breach of contract. It is an action at law to recover damages for an alleged tort, to wit, depositing trust funds in its own bank by the guardian, Sumter Trust Company, of which the defendants were officers and directors.

In the case of *Ex parte Michie*, 167 S. C., 1, 165 S. E., 359, this question was considered. The legislation, the Act of 1911 (now Section 7864, Code 1932), which empowered banks and trust companies to become executors, guardians, trustees, etc., was fully considered in relation to the liability of such fiduciary depositing such trust funds in its own bank. The trust in the present case was created in 1922, before the Act of 1930, now Sections 7905-7910, Code 1932, and the conclusions of the Court in the *Michie case* are applicable here.

The conclusion reached by the Court was that it was not unlawful for such fiduciary bank to deposit the funds of its trust in its own bank; thus the Sumter Trust Company committed no tort when it deposited the funds of its ward, Rep Fowler Jones, in its own bank, at interest and kept a separate and distinct account thereof in a special book.

Although the plaintiff's counsel has brought his action for damages for a tort, he has sought throughout the trial to introduce evidence which would be admissible only in a case in equity. He proceeds upon the theory that the present case is governed by the case of *Winn v. Harby et al.*, 171 S. C., 301, 172 S. E., 135. Defendants in that case contended that it was a case at law, and therefore the Supreme Court had power to review the Circuit Judge's findings of fact. This Court distinctly held that it was a suit in equity; and this is true of the case of *In re Willcox* (*In re Ellis' Estate v. Brown*), 162 S. C., 133, 160 S. E., 260, cited by appellant. The evidence sought to be introduced by appellant was pertinent to a suit in equity, but inadmissible in an action founded upon an alleged tort. It was not error to exclude it, and the exceptions relating to this question are overruled.

The ninth exception charges error to the Circuit Judge for that he sustained the order of the Probate Judge which approved the deposit of the funds after they had been deposited, and after the bank had closed its doors. In view of our holding that such deposit was not a tort, the question

made by this exception has become academic. We may say, however, the evidence shows that this was a deposit and not an investment, and the approval of the Probate Judge was not needed.

"We agree with the Probate Judge that à deposit of funds belonging to an estate is not such an investment by a fiduciary as is contemplated by the Statute." *Brannon et al. v. Woodward* (S. C.), 178 S. E., 249.

The utterance of Judge Mann in reference to the order of the Probate Judge was harmless and is no ground for reversal.

It is not inappropriate for the Court to say that orders of the character of the one herein involved do not commend themselves to the favor of the Court.

All exceptions are overruled, and the judgment of the Court below is affirmed.

MR. JUSTICE STABLER and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER concur.

MR. JUSTICE CARTER concurs in result.