14680

MONTEITH v. HARBY *ET AL.*
McKINLEY v. SAME

(197 S. E., 215)

*Mr. L. D. Jennings,* for appellants, 

*Messrs. M. M. Weinberg, Epps & Epps* and *Lee & Moise,* for respondents,

May 6, 1938.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

The plaintiffs, asserting that these two cases, the complaints in which are practically identical, are suits in equity, had them docketed on Calendar 2; the defendants thereupon, claiming that the cases are actions at law, applied for an order transferring them to Calendar 1. Judge Gaston, who heard the matter, in granting the motion, said: "I am satisfied that this is not a suit in equity but that the facts alleged in the complaint are very similar to, and in certain respects identical with, the allegations in the case of *Bowen v. Strauss et al.,* 175 S. C., 23, 178 S. E., 252. That being so, I feel that I am bound by the decision of the Supreme Court in that case, in which it was held that it was an action at law to recover damages for an alleged tort." The appeals from

this order were heard together here, and will be disposed of in one opinion.

We have carefully compared the complaint before us with the pertinent allegations of the complaint in *Bowen v. Strauss et al.*, 175 S. C., 23, 178 S. E., 252, and are satisfied that Judge Gaston was right in the conclusion reached by him. The allegations of fact contained in the two complaints are almost the same. That is to say, the wrongs alleged in the *Bowen case* are practically identical with those charged in the cases at bar. It is true that in the cases here it is alleged that "an accounting will be necessary," but no facts are stated which tend to show that any long or complicated accounting will be required. Furthermore, upon trial of the case, should such a fact appear, the Court may have the matter determined in any proper manner.

But counsel for the appellants contends that *Winn v. Harby et al.*, 171 S. C., 301, 172 S. E., 135, which this Court held was a suit in equity, is decisive of the question here raised, for the reason that the "allegations in the case at bar are in substance practically the same as the allegations in one cause of action in the *Winn case*," the other causes of action, it is argued, being practically the same. We do not think so. There, one D. J. Winn had created by will a special trust and had appointed the Sumter Trust Company his executor and the trustee of his estate for the purposes named in the will. We deem it unnecessary to set out or summarize the allegations of the complaint as to the property involved, or as to its general mismanagement and dissipation by the trustees, in violation of the provisions of the will in the instances named and alleged. It is sufficent to say that the facts alleged in that case, the complaint in which contained three causes of action, are entirely different from those alleged in the case at bar.

The judgment of the Court below in each of the cases is affirmed.

The appellants also except to the order of Judge Gaston in settling the case for appeal. Judge Stoll's order, refusing the motion of the plaintiffs for an order of reference, was of no assistance to the Court in reaching its decision. The respondents, therefore, must pay for the printing of such order in the transcript of record. And it is so ordered.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.