14890

MONTEITH v. HARBY *ET AL.*
McKINLEY v. SAME

(3 S. E. (2d), 250)

*Messrs. L. D. Jennings* and *M. W. Seabrook,* for appellants,

*Messrs. M. M. Weinberg, Epps & Epps* and *Lee & Moise,* for respondents,

June 5, 1939.

*Per curiam.*

The opinion of this Court on the former appeal will be found reported in 187 S. C., 168, 197 S. E., 215. It was held on that appeal that no facts were alleged in the complaints to show that any long or complicated accounting would be required, and for that reason the Court did not err in transferring the cases from the equity calendar to the law calendar.

After the decision in the former appeal, a motion was made by each of the appellants, upon due notice, to amend

her complaint, and copies of the proposed amended complaints were attached to the notices of the motions. At the same time appellants moved to transfer the cases back to the equity calendar upon the ground that the complaints, as amended, state an equitable action for an accounting. Appellants are appealing from an order refusing these motions.

An allowance of amendments to pleadings under the statute (Section 494), in furtherance of justice, is addressed to the sound discretion of the Circuit Judge, and his action is not subject to review by this Court, unless there has been an abuse of discretion. *Dunbar v. Fant et al.,* 174 S. C., 49, 176 S. E., 866; *Parker v. Mayes,* 85 S. C., 419, 67 S. E., 559, 137 Am. St. Rep., 912. But in this case the Judge did not exercise his discretion. He held as a matter of law that the proposed amended complaints do not change the causes of action.

The construction of a pleading involves a matter of law. *Thrower v. Kistler,* 174 S. C., 479, 178 S. E., 126. Therefore if error was committed in holding that the amended complaints do not change the actions from law to equity, the judgment should be reversed.

Appellants contend that new allegations of facts not appearing in the original complaints, but now embraced in Paragraph 7 of the complaint, as amended, indisputably show that the causes are in equity and will necessarily involve a long and complicated account.

But comparing the allegations contained in this paragraph with those of the original complaints, we find that with some unimportant changes in phraseology, they are repetitious. Allegations substantially identical are found in Paragraph 6 of the original complaints, and the same delict is charged.

The rule was laid down in *McCabe & Co. v. Colleton Mercantile & Manufacturing Company,* 106 S. C., 25, 90 S. E., 161, 162, that to deprive a party of the right of jury trial, the account involved must not only be long, but so complicated that it would be impracticable for

an ordinary jury to comprehend and decide the issues correctly.

If the defendants converted and misused the funds of the plaintiffs, as alleged, the matter of good faith or bad faith is entirely beside the point. According to the pleadings before the Court in this appeal and in the former appeal, the Sumter Trust Company, as guardian, received a certain definite amount of money belonging to the appellants, viz.: $1,484.84. The plaintiffs have admittedly received certain interest payments, and we are unable to conclude from the averments of the complaints, as amended, that to ascertain the balance due them, would involve such a long and complicated account as to necessitate equitable interference.

It was held in *McCabe & Co. v. Colleton Mercantile and Manufacturing Co., supra:* "Nor does the mere fact, if it be a fact, that plaintiffs were agents of defendant impart to the transactions such equitable features as to deprive the Court of law of jurisdiction, because a principal may sue his agent or an agent his principal at law, when the remedy at law is complete and adequate."

To entitle the plaintiff to the equitable interposition of the Court, he must show a proper case for the interference of a Court of chancery, and one in which he has no adequate and complete relief at law. The very basis of the granting of equitable relief is the conclusion, in view of all the circumstances of the particular case, that full and adequate compensation cannot be had at law. Under the peculiar facts of this case, a judgment for the plaintiffs, with such interest as they may be entitled to, less the payments of interest which they have received, would fully satisfy their demands, and this may be accomplished on the law side of the Court.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.