15069

MONTEITH v. HARBY *ET AL.*

(8 S. E. (2d), 629)

September, 1939.

*Mr. L. D. Jennings,* for appellant,

Messrs. *Lee & Moise, M. M. Weinburg* and *Epps &
Epps,* for respondent,

April 24, 1940.

The opinion of the Court was delivered by Mr. Wm. H.
Grimball, Acting Associate Justice.

This is an appeal from judgment entered on a verdict
directed in favor of respondents. Former appeals in this
cause are reported in 187 S. C., 168, 197 S. E., 215, and
190 S. C., 453, 3 S. E. (2d), 250.

The cause was commenced by the service of summons
and complaint in October, 1937. The complaint alleges that
Sumter Trust Company was heretofore a corporation under
the laws of this State, doing a banking and trust business;
that the defendants were officers and directors of the cor-
poration; that the Judge of Probate for Sumter County,
on March 10th, 1918, appointed Sumter Trust Company
guardian for plaintiff, who was seven years old on April
16th, 1917, and as such guardian took possession and con-
trol of the estate of plaintiff, consisting of $1,484.84. The
complaint continues as follows:

"5. That the defendants herein, as the officers and di-
rectors of the Sumter Trust Company, were charged with
the performance of said guardianship ,and that it was the
duty of said defendants to safely and securely invest said
funds belonging to the plaintiff so that net income could be
realized therefrom, and to wisely and providently manage
said estate; but instead of doing this, the defendants and
the Sumter Trust Company recklessly and negligently con-
verted the same to the use of the Sumter Trust Company,.
and permitted .the funds .belonging to the plaintiff to be

confused and commingled with the funds and property of the said Sumter Trust Company, so that it became, and is now, impossible to identify or distinguish said funds.

"6. That it was the duty of the defendants to so conduct and manage the business of the Sumter Trust Company as guardian of the plaintiff and her estate so that said assets should be safely and securely invested and segregated from any other assets and property belonging to the Sumter Trust Company in its own right or as trustee or guardian for other estates; but said defendants, instead of performing this duty, negligently and recklessly intermingled and confused the money of the plaintiff with other money belonging to the Sumter Trust Company in its own right and to it in other fiduciary capacities, and negligently and recklessly converted the same into credits, choses in action, and other assets, all of which, through the manipulation of the defendants have been so inextricably confused that it has become impossible to segregate the property of the plaintiff; and in so confounding said assets with other property, the said defendants negligently and recklessly failed to take any security or collateral to insure the return of said property to the plaintiff and her estate.

"7. That on or about the 17th day of February, 1927, the Sumter Trust Company was forced to suspend its business, and was placed in the hands of receivers.

"8. That after the plaintiff reached the age of twenty-one years, she called upon the receivers of the Sumter Trust Company for an accounting of the Sumter Trust Company as guardian for her, and payment to her of whatever was due; but said receivers have failed to furnish such an accounting, but have paid to the plaintiff from time to time small payments on what was due her by said Sumter Trust Company as guardian, and she is informed and believes that she will not receive any other payments.

"9. That by reason of the acts and omissions of the defendants as herein specified, loss and damage have resulted to the plaintiff of the money taken charge of by the de-

fendants as aforesaid, and of the interest thereon, and of the difference between the insufficient rate of interest paid by the Sumter Trust Company during the time it had the use of said funds and the rate which could have been realized on proper investment; that in order to ascertain accurately the damage sustained by the plaintiff, an accounting will be necessary, but this plaintiff alleges upon information and belief, that the amount of such damage is at least the sum of One Thousand ($1,000.00) Dollars.

"That the plaintiff reached the age of twenty-one years on the 29th day of July, 1933.

"10. The plaintiff alleges that it was only within the past sixteen months that she discovered that the defendants and the Sumter Trust Company had recklessly and negligently converted the funds belonging to her to the use of the Sumter Trust Company and had permitted said funds to be confused and commingled with the funds and property of the Sumter Trust Company, and had confused the money of the plaintiff with other money belonging to the Sumter Trust Company in its own right and to it in other fiduciary capacities, and had converted the same into credits, choses in action, and other assets, as set forth in the complaint herein, so that it became and is now impossible to identify or distinguish said funds.

"Wherefore the plaintiff prays judgment against the defendants that they do account to her for said funds herein referred to, together with interest thereon, and that plaintiff have judgment against the defendants for the amount found due upon such accounting, which the plaintiff alleges to be at least the sum of One Thousand ($1,000.00) Dollars and for such other and further relief as may be just and equitable."

This complaint has already been construed by this Court. See *Monteith v. Harby, McKinley v. Harby,* 187 S. C., 168, 197 S. E., 215.

"The plaintiffs," announced this Court, "asserting that these two cases, the complaints in which are practically

identical, are suits in equity, had them docketed on Calendar 2; the defendants thereupon, claiming that the cases are actions at law, applied for an order transferring them to Calendar 1. Judge Gaston, who heard the matter, in granting the motion, said: 'I am satisfied that this is not a suit in equity but that the facts alleged in the complaint are very similar to, and in certain respects identical with, the allegations in the case of *Bowen v. Strauss et al.,* 175 S. C., 23, 178 S. E., 252. That being so, I feel that I am bound by the decision of the Supreme Court in that case, in which it was held that it was an action at law to recover damages for an alleged tort.'

"We have carefully compared the complaint before us with the pertinent allegations of the complaint in *Bowen v. Strauss,* 175 S. C., 23, 178 S. E.. 252 [253]", said this Court, "and are satisfied that Judge Gaston was right in the conclusion reached by him. The allegations of fact contained in the two complaints are almost the same. That is to say, the wrongs alleged in the *Bowen case* are practically identical with those charged in the cases at bar. It is true that in the cases here it is alleged that 'an accounting will be necessary, but no facts are stated which tend to show that any long or complicated accounting will be required. Furthermore, upon trial of the case, should such a fact appear, the Court may have the matter determined in any proper manner."

The principles announced by this Court in the case of *Bowen v. Strauss, supra,* are the identical principles which must control the case at bar. In that case this Court sustained the action of the trial Judge in directing a verdict for the defendants, stating as follows:

"The action is one sounding in tort; plaintiff's counsel so concedes. A careful study of the complaint reveals that the only tort alleged is that Sumter Trust Company, of which the defendants are officers and directors, deposited these trust funds in its own bank. It is true that the complaint alleges that Sumter Trust Company converted the

funds to its own use, and that it confused and commingled them with its own and others' funds, so that they could not be identified, but the only conversion and commingling alleged or shown was due to the act of depositing the funds in its own bank. It is patent that the tort relied upon is the act of depositing the funds in the Sumter Trust Company. It must be kept in mind that this is not a suit in equity seeking an accounting, nor is it an action seeking to recover a specific sum of trust funds, nor is it an action for damages for breach of contract. It is an action at law to recover damages for an alleged tort, to wit, depositing trust funds in its own bank by the guardian, Sumter Trust Company, of which the defendants were officers and directors.

"In the case of *Ex parte Michie,* 167 S. C., 1, 165 S. E., 359, this question was considered. The legislation, the Act of 1911 (now Section 7864, Code 1932), which empowered banks and trust companies to become executors, guardians, trustees, etc., was fully considered in relation to the liability of such fiduciary depositing such trust funds in its own bank. The trust in the present case was created in 1922, before the Act of 1930, now Sections 7905-7910, Code 1932, and the conclusions of the Court in the *Michie case* are applicable here.

"The conclusion reached by the Court was that it was not unlawful for such fiduciary bank to deposit the funds of its trust in its own bank; thus the Sumter Trust Company committed no tort when it deposited the funds of its ward, Rep. Fowler Jones, in its own bank, at interest and kept a separate and distinct account thereof in a special book."

The case at bar came on for trial before Special Judge W. C. Cothran and a jury, and resulted in a verdict being directed in behalf of the defendants, the trial Judge stating that it appeared to him that in view of the evidence before him and of prior opinions of the Supreme Court he felt compelled to grant defendants' motion to this end.

Now on appeal to this Court counsel for appellant states the issues to be as follows:

"1. Was the Circuit Judge in error in holding that this case is conclusively ended by the opinion of the Supreme Court in cases heretofore decided, involving the rights of several plaintiffs against one or more of the defendants herein?

"2. Did his Honor commit error of law in directing a verdict for the defendants, and not submitting the case to the jury?"

This Court has reached the conclusion, after a thorough consideration of the record herein and of the authorities cited, that the trial Judge was without error in directing the verdict for the defendants.

This Court is of the further opinion that the trial Judge might well have based his order directing the verdict upon the grounds that this action, when brought, was barred by the statute of limitations. This statute was pleaded in the answers, and the bar of the statute was made one of the grounds of the motion for the order.

The chronology of events was as follows:

The funds were deposited in Sumter Trust Company in 1918.

This bank was placed in receivership on February 17, 1927.

Plaintiff became of age on July 29, 1933.

According to the terms of Section 359 of the 1932 Code, plaintiff had until July 29, 1934, in which to commence her suit on the cause of action stated in the complaint herein. But this suit was not commenced until October, 1937.

Section 359 of the Code provides: "If a person entitled to bring an action mentioned in Chapter 13 of this title, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, be, at the time the cause of action accrued, either; (1) Within the age of twenty-one years; or (2) insane; or (3) imprisoned on a criminal or

civil charge, or in execution under the sentence of a criminal Court for a less term than his natural life—the time of such disability is not a part of the time limited for the commencement of the action; except that the period within which the action must be brought cannot be extended more than five years by any such disability, except infancy; nor can it be so extended, in any case, longer than one year after the disability ceases."

In discussing this statute, this Court, in the case of ■ *Fricks v. Lewis,* 26 S. C., 237, 1 S. E., 884, 889, stated as follows: "According to our view, all persons, whether laboring under any disability or not, must be allowed the full period of six years from the accrual of the cause of action, but in the case of infants the time allowed may be extended over a much longer period, but such extension cannot be for a longer period than one year after his disability ceases. For instance, if a cause of action accrued to an infant when he was only a year old, he could bring his action at any time within 21 years; if it accrued when he was 15 years of age, then he might bring his action at any time within 7 years,—giving him the full period of 6 years allowed to adults, and 1 year after he attained his majority in addition."

Appellant insists in argument that the provisions of Paragraph 6 of Section 388 of the Code apply to this case. Those provisions, however, apply to "any action for relief on the ground of fraud." And the complaint herein does not state a cause of action on the ground of fraud.

It is the judgment of this Court that the judgment appealed from be affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.