23123

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF SOUTH CAROLINA, Respondent v. Timothy G. FINN and Mary G. Finn, Appellants.

(387 S. E. (2d) 253)

Supreme Court

---

*James W. Poag, Jr.*, West Columbia, *for appellants.*

*W. Cliff Moore, III* and *Steven B. Licata*, Columbia, *for respondent.*

Submitted June 9, 1989.

Decided Dec. 11, 1989.

GREGORY, Chief Justice:

Respondent commenced this foreclosure action pursuant to a note and mortgage given to secure a construction loan for $129,600. Appellants counterclaimed for damages on various causes of action alleging respondent mishandled disbursement of the loan proceeds to appellants' contractor. Appellants also sought to impose an equitable lien on the property with priority over respondent's mortgage lien. The

trial judge granted respondent summary judgment on this cause of action and this appeal follows. We affirm.

In May 1986, appellants signed a contract to purchase a residential lot for $42,500 and began making payments on it. They then arranged with a contractor to build a home to their specifications. The contractor suggested appellants deed the lot to him in order to obtain construction financing. Accordingly, on June 8, 1986, appellants signed a contract of sale to purchase from the contractor a structure on the lot for a total price of $112,000 and paid the contractor $5,000 as downpayment on this amount. The contract specified appellants would pay off the amount due on the lot before the closing on a construction loan. Appellants acquired title to the lot in July 1986 and on August 18, 1986, deeded the lot to the contractor in fee simple with an added notation that: "This conveyance is made to allow the grantee to obtain construction loan financing in order to comply with the provisions of the contract of sale between the grantee and the grantor herein." The contractor obtained the construction loan from respondent secured by a mortgage on the property.

Although the contractor commenced building appellants' home, it eventually became apparent he was not using the construction loan proceeds to complete construction as intended. On April 1, 1987, appellants obtained from the contractor a quitclaim deed to the lot and improvements. This deed specified the property was "subject to all mortgages" outstanding at the time of the conveyance. Because this conveyance by the contractor violated the provisions of the construction note and mortgage, respondent asserted the debt due under the terms of the note and commenced this foreclosure action.

Appellants counterclaimed asserting an equitable lien against the property with priority over respondent's mortgage lien. The trial judge ruled the notaton on the deed was insufficient to diminish the conveyance of a fee simple title to contractor. *See Shealy v. South Carolina Electric and Gas Co.*, 278 S. C. 132, 293 S. E. (2d) 306 (1982). Appellants contend on appeal that other evidence presented may establish the existence of an equitable lien on the property, including the contract of sale for the structure and evidence that

respondent knew of the arrangement with the contractor. Appellants therefore assert summary judgment was improperly granted.

For an equitable lien to arise, there must be a debt, specific property to which the debt attaches, and an expressed or implied intent that the property serve as security for payment of the debt. *Perpetual Federal Savings and Loan Assoc. v. Willingham*, 296 S. C. 24, 370 S. E. (2d) 286 (Ct. App. 1988). Even if appellants could prove the existence of an equitable lien, however, we conclude as a matter of law it did not survive reconveyance of the property from the contractor to appellants.

Ordinarily, when equitable and legal titles unite in the same person, merger occurs and the equitable encumbrance ceases to exist. *Thompson v. Hudgens*, 161 S. C. 450, 159 S. E. 807 (1931). The burden rests on the party opposing merger to prove a contrary intention existing at the time the two interests came together. *Id.; Gainey v. Anderson*, 87 S. C. 47, 68 S. E. 888 (1910). An intention to prevent merger may be implied from facts indicating merger would be opposed to the interest of the person in whom the legal and equitable interests became united and that such an intention existed at the time of the merger. *McCreary v. Coggeshall*, 74 S. C. 42, 53 S. E. 978 (1906). This rule has been applied in cases where a mortgagee forgives a mortgage debt in exchange for receiving mortgaged property equal in value to the debt only to discover subsequent liens asserted against the property exceeding its value. *See, e.g., Maxwell v. Epton*, 177 S. C. 184, 181 S. E. 16 (1935); *McCraney v. Morris*, 170 S. C. 250, 170 S. E. 276 (1933).[1]

In this case, appellants admittedly knew of respondent's mortgage lien and the amount of the underlying construction loan before obtaining legal title to the property by quitclaim deed from the contractor. The deed in fact specified the property was taken subject to all mortgages. Appellants' only inferable intention at the time of merger of legal and equitable title was to take the lot and house encumbered by respondent's mortgage lien. The fact that appellants are disgruntled with respondent's handling of the underlying

---

[1] These cases do not involve foreclosure proceedings.

construction loan does nothing to alter this conclusion. Because any equitable lien was extinguished by merger, we affirm the grant of summary judgment on appellants' counterclaim asserting an equitable lien.

We dispose of appellants' remaining exceptions pursuant to Supreme Court Rule 23. *See North Carolina Federal Savings and Loan Ass'n v. DAV Corp.*, 298 S. C. 514, 381 S. E. (2d) 903 (1989) (right to jury trial). Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.