721 S.E.2d 447

The NUTT CORPORATION d/b/a TNC
Engineering, Respondent,

v.

HOWELL ROAD, LLC, Appellant.

No. 4911.

Court of Appeals of South Carolina.

Heard Sept. 14, 2011.
Decided Nov. 23, 2011.

James A. Blair, Manton M. Grier, Jr., and Kirsten Small, all of Greenville, for Appellant.

W. Douglas Smith and Shane William Rogers, both of Spartanburg, for Respondent.

PIEPER, J.

This appeal arises from a bench trial resulting in an order awarding an equitable lien to Respondent The Nutt Corporation d/b/a TNC Engineering (the Nutt Corporation). Appellant Howell Road, LLC (Howell Road) argues the trial court erred in allowing the Nutt Corporation to proceed on an equitable claim because an adequate remedy at law was available. Alternatively, Howell Road argues there was insufficient evidence to justify the creation of an equitable lien and the trial court erred in denying its request to assert a laches defense. We reverse.

## FACTS

In 1998, Howell Road purchased a parcel of land in Spartanburg County (the Property) and hired the Nutt Corporation to provide engineering services for the development of the Property. The parties orally agreed that the Nutt Corporation's fee for its services would be six percent of the construction costs of developing the land. At the outset of the project, Howell Road had to determine what type of development it wanted to build and the Nutt Corporation provided Howell Road with multiple options. Howell Road chose to proceed with a mobile home rental park layout and instructed the Nutt Corporation to move forward with the roads and storm water design.[1] The design plans were subsequently completed, approved by Spartanburg County, submitted to Howell Road, and used to obtain a grading permit. However, Howell Road never moved forward with the grading.

On July 9, 1999, the Nutt Corporation sent Howell Road an invoice in the amount of $34,398.00 for its services related to the roads and storm water design plans. Howell Road never paid the Nutt Corporation, but the parties proceeded as if the entire project would eventually be completed. On November 19, 2001, the parties memorialized much of their earlier oral agreement regarding the project in a signed written agreement. Under the terms of the written agreement, Howell Road agreed to pay six percent of the total construction costs of the project to the Nutt Corporation in exchange for its engineering services. The agreement provided such payment was owed whether or not the project was ever constructed and would become due and payable upon each construction invoice received or when the property was sold. Howell Road never moved forward with completing the project, and the Nutt Corporation never received payment for the services it provided.

On April 25, 2003, the Nutt Corporation filed a complaint against Howell Road for breach of contract. Howell Road

---

1. According to the testimony of the Nutt Corporation's sole shareholder Frank Nutt, after an owner decides on a preliminary layout, the development of a parcel of land is comprised of the following three distinct phases: (1) roads and storm water plan; (2) sewer plan; and (3) water plan.

answered, denying the allegations in the complaint. After discovery began, the Nutt Corporation filed a motion to amend its complaint, which Howell Road opposed. Following a hearing on the matter, the trial court granted the Nutt Corporation's motion, and the Nutt Corporation subsequently filed an amended complaint. The amended complaint sought a declaratory judgment establishing the debt and an equitable lien against the Property; it did not assert a cause of action for breach of contract. Howell Road filed an amended answer and counterclaims for breach of contract and violation of Rule 11, SCRCP.[2] The parties subsequently filed cross-motions for summary judgment. Howell Road moved for partial summary judgment, arguing the Nutt Corporation's claims were barred by the statute of limitations, lack of consideration, the statute of frauds, and failure to establish a meeting of the minds. The Nutt Corporation moved for summary judgment in regard to Howell Road's counterclaims. After a hearing on the matter, the trial court granted the Nutt Corporation's motion for summary judgment and denied Howell Road's motion for partial summary judgment.

Howell Road filed a Rule 59(e), SCRCP, motion to alter or amend the order granting summary judgment on its counterclaims. Howell Road argued the trial court erred in determining the Nutt Corporation's claims were equitable in nature, and therefore, not barred by the statute of limitations. Howell Road also argued the Nutt Corporation's claims were not ripe. The trial court disagreed and issued an order denying Howell Road's motion to alter or amend the judgment. Howell Road then appealed to this court. In an unpublished opinion, this court affirmed the trial court's order on the following grounds: (1) Howell Road failed to assert its claim for breach of contract within the three-year statute of limitations and (2) the denial of summary judgment is not directly appealable. *The Nutt Corporation, d/b/a TNC Engineering, v. Howell Road, LLC,* Op. No. 2008–UP–195 (S.C. Ct.App. filed March 20, 2008).

After a bench trial on the Nutt Corporation's cause of action for declaratory judgment, the court found the Nutt Corpora-

---

**2.** Howell Road later withdrew its counterclaim for sanctions under Rule 11.

tion was entitled to an equitable lien in the amount of $34,398.00 against the Property. Howell Road then filed a Rule 59(e), SCRCP, motion to alter or amend the judgment. After a hearing on the matter, the trial court issued an order denying Howell Road's motion. This appeal followed.

## STANDARD OF REVIEW

We review factual findings and legal conclusions in an equitable action de novo. *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). "De novo review permits appellate court fact-finding, notwithstanding the presence of evidence supporting the trial court's findings." *Id.* 392 S.C. at 390, 709 S.E.2d at 654. However, this broad standard of review does not require the appellate court to disregard the factual findings of the trial court or ignore the fact that the trial court is in the better position to assess the credibility of the witnesses. *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001).

## ANALYSIS

Howell Road argues the trial court erred in granting the Nutt Corporation an equitable lien because an adequate remedy at law was available. We agree.

"For an equitable lien to arise, there must be a debt, specific property to which the debt attaches, and an expressed or implied intent that the property serve as security for payment of the debt." *Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 250, 715 S.E.2d 348, 353 (S.C.Ct.App.2011) (quoting *First Fed. Sav. & Loan Ass'n of S.C. v. Finn*, 300 S.C. 228, 231, 387 S.E.2d 253, 254 (1989)). "The function of equity is to supplement the law, not to displace it." *Wigfall v. Tideland Utilities, Inc.*, 354 S.C. 100, 117, 580 S.E.2d 100, 108 (2003) (internal quotations and citation omitted). The basis for granting equitable relief is the impracticability of obtaining full and adequate compensation at law. *Monteith v. Harby*, 190 S.C. 453, 3 S.E.2d 250, 251 (1939). Accordingly, equity is generally only available when a party is without an adequate remedy at law. *EllisDon Constr., Inc. v. Clemson Univ.*, 391 S.C. 552, 555, 707 S.E.2d 399, 401 (2011). "[E]quity will not impose an equitable lien where there is an adequate remedy at

law." *Carolina Attractions, Inc. v. Courtney,* 287 S.C. 140, 146, 337 S.E.2d 244, 247 (Ct.App.1985). "An 'adequate' remedy at law is one which is as certain, practical, complete and efficient to attain the ends of justice and its administration as the remedy in equity." *Milliken & Co. v. Morin,* 386 S.C. 1, 8, 685 S.E.2d 828, 832 (Ct.App.2009) (internal quotations omitted).[3]

■ First, we find a remedy at law was available because there was a contractual agreement between the parties. There is evidence to support the trial court's finding that there was a meeting of the minds as to the terms and conditions of the parties' original agreement. *See Player v. Chandler,* 299 S.C. 101, 106, 382 S.E.2d 891, 893 (1989) (holding that for there to be a valid and enforceable contract, there must be a meeting of the minds between the parties with regard to all essential and material terms of the agreement). The record contains evidence that the parties both orally and expressly agreed Howell Road would pay the Nutt Corporation six percent of construction costs as consideration for the engineering services related to the Property. *See Clardy v. Bodolosky,* 383 S.C. 418, 425, 679 S.E.2d 527, 530 (Ct.App. 2009) ("The necessary elements for a contract are an offer, acceptance, and valuable consideration."). Furthermore, in its amended complaint, the Nutt Corporation specifically references the November 19, 2001 letter as a contract entered into for good and valuable consideration. *See Verenes v. Alvanos,*

---

3. Similar to a constructive trust, an equitable lien is a special restitutionary remedy that may supplement the law. We can envision certain situations where these special restitutionary remedies, arguably, should not turn solely on the inadequacy of a legal remedy, especially where real estate or trust assets are involved. Equity should always act on a case by case basis. The Restatement (Third) of Restitution & Unjust Enrichment § 4 (2011), provides "[a]lthough some remedies in restitution are indeed equitable in origin, there is no requirement that a claimant who seeks any of the remedies [in restitution] must first demonstrate the inadequacy of a remedy at law." However, this proposition has not been adopted by most, if any, states based on our research. *See In re Light Cigarettes Mktg. Sales Practices Litig.,* 751 F.Supp.2d 183, 190 n. 8 (D.Me.2010) (analyzing the Restatement (Third) of Restitution and Unjust Enrichment § 4 (Tentative Draft No. 7, 2010)). Notwithstanding, those potential scenarios are not present in this case and we find it appropriate here to decline equitable relief in the face of an adequate remedy at law.

387 S.C. 11, 16, 690 S.E.2d 771, 773 (2010) ("Characterization of an action as equitable or legal depends on the appellant's 'main purpose' in bringing the action. The main purpose of the action should generally be ascertained from the body of the complaint." (internal quotations omitted)). Therefore, an action at law was available from which the Nutt Corporation could have sought to recover contractual damages. *See Ahrens v. State*, 392 S.C. 340, 347–48, 709 S.E.2d 54, 58 (2011) ("An action seeking damages for breach of contract is an action at law.").

■ We also find contractual damages provided the Nutt Corporation an adequate legal remedy. The trial court found the invoiced amount of $34,398.00 was a reasonable amount of compensation for the engineering services rendered, and we see no reason why a judgment for this amount would have ·provided a remedy any less certain, practical, complete, or efficient as an equitable lien. We also note that the possibility the statute of limitations may have potentially barred the Nutt Corporation from obtaining a legal remedy is no ground in itself for allowing the Nutt Corporation to seek equitable relief. *See Stewart v. Seigle*, 274 P.2d 395, 397–98 (Okl.1954) (finding no basis existed to exercise the equitable power of the court where the plaintiff failed to exercise his statutory remedy within the time prescribed by the statute of limitations); *U.S. v. Cent. Livestock Corp.*, 616 F.Supp. 629, 633 (D.Kan. 1985) (holding equity will not intervene if it appears the absence of a remedy at law is due to the plaintiff's failure to pursue that remedy); *Witmer v. Exxon Corp.*, 260 Pa.Super. 537, 394 A.2d 1276, 1286 (1978) (holding it is not proper to seek equitable relief where no pursuit has been made of available contractual remedies because equity aids the vigilant and not those who slumber on their rights); *McKittrick v. Bates*, 47 R.I. 240, 132 A. 610, 612 (1926) ("When one who has a clear method of fully determining his rights at law voluntarily adopts improper procedure, or pursues proper procedure negligently or mistakenly, without any inducement from one having adversary interests, it is no function of equity to relieve him from the result of his erroneously conducted lawsuit."). For these reasons, we find an adequate remedy at law was

available, and therefore, the trial court erred in granting the Nutt Corporation an equitable lien on the Property.[4]

## CONCLUSION

For the foregoing reasons, the decision of the trial court is hereby

**REVERSED.**

HUFF and LOCKEMY, JJ., concur.

---

4. In light of our disposition herein, we decline to address Howell Road's remaining arguments, as they are not necessary to the decision of this appeal. *See* Rule 220(b), SCACR.