**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Kirk A. Thomson and Christine Thomson, Appellants,
v.
Charles Woods and Angie Woods, Respondents.

Appellate Case No. 2010-176546

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2012-UP-380
Heard April 11, 2012 – Filed June 20, 2012

**AFFIRMED**

W. Duvall Spruill of Turner Padget Graham & Laney,
PA, of Columbia, for Appellants.

H. Ronald Stanley, of Columbia, for Respondents.

**PER CURIAM:** Kirk Thomson and Christine Thomson sued Charles Woods and Angie Woods, seeking specific performance of a real estate sales contract or, in the

alternative, damages for breach of contract. The trial judge heard the matter and issued an order finding in favor of the Woods. The Thomsons appeal. We affirm.

The Woods contracted to purchase the Thomsons' home for $1,400,000, including an earnest money payment of $50,000. The contract specifically noted the Woods would pay cash and no financing was required. Although the Thomsons were ready, willing, and able to perform, the Woods never paid the earnest money and ultimately refused to buy the house.

The Thomsons filed this action for specific performance of the contract. In the alternative, they requested damages for breach of contract, including prejudgment interest and attorney's fees. Following a nonjury hearing, the trial judge granted judgment to the Woods on both causes of action, ruling (1) the contract was unenforceable for lack of valuable consideration, (2) the Thomsons were precluded from specific performance because they had a remedy at law, (3) the Thomsons did not prove their damages on their breach of contract claim, and (4) the Thomsons could not recover real estate taxes and homeowners' association dues because they did not allege entitlement to special damages in their pleadings. The Thomsons then filed this appeal.

1. The Thomsons argue the trial judge erred in denying their request for specific performance, asserting they met the prerequisites for this relief and taking issue with the trial judge's determination that they had an adequate legal remedy. We disagree.

The only reason given in the appealed order for denying specific performance to the Thomsons was the availability of an adequate remedy at law. In response to this ruling, the Thomsons argue that the trial judge's finding that they failed to prove their damages on their breach of contract claim amounted to proof that they had to resort to equitable relief. To the contrary, however, "[i]n an action for breach of a contract to purchase real estate, general damages may be measured by the difference between the contract price and the fair market value of the property at the time of the breach. *Bannon v. Knauss*, 282 S.C. 589, 593, 320 S.E.2d 470, 472 (Ct. App. 1984). Here, the Thomsons could have presented an appraisal or other evidence of the fair market value of their home at the time they learned the

Woods did not intend to close on the purchase.[1]  Their failure to present such evidence does not entitle them to a finding that they have no adequate remedy at law.  *Cf. Nutt Corp. v. Howell Road, LLC*, 396 S.C. 323, 329-30, 721 S.E.2d 447, 450-51 (Ct. App. 2011) (stating the possibility that the statute of limitations may have barred a legal remedy to the plaintiff was not a ground in itself on which to grant an equitable remedy and citing authority from other jurisdictions that a plaintiff who failed to pursue an available legal remedy in a responsible manner is not entitled to equitable relief).

2. The Thomsons next argue the trial judge, in violation of the parol evidence rule, erred in admitting testimony from the Woods about their inability to obtain the necessary funds for the purchase of the home.  They also contend the evidence was irrelevant because there was no financing contingency in the contract.  We reject these arguments.  When the Thomsons' attorney objected to this testimony, both the trial judge and counsel for the Woods agreed the presentation was only a proffer "for whatever probative value it may have."  There is no mention of the Woods' financial circumstances in the appealed order, which indicates the trial judge, then, either chose to reject the proffered testimony or found it was not relevant to his disposition of the matter.  The Thomsons, then, have failed to show they were prejudiced by the disputed testimony.  *See Campbell v. Jordan*, 382 S.C. 445, 453, 675 S.E.2d 801, 805 (Ct. App. 2009) ("To warrant a reversal based on the admission of evidence, the appellant must show both error and resulting prejudice.").

3. The Thomsons also challenge the ruling that they were not entitled to recover homeowner association dues, real estate taxes, and attorney's fees.  We find no error.  As we have previously noted, general damages in an action for breach of a contract to purchase real estate are measured by the difference between the contract price and the fair market value of the property at the time of the breach.  The trial judge, then, correctly ruled that association dues and taxes were special damages that needed to be "particularly alleged and proved."  *Kline Iron & Steel Co. v.*

---

[1] Although the Thomsons were competent to testify about the value of their property, they testified only about their revised asking price and the price they would accept for their home.

*Superior Trucking Co.*, 261 S.C. 542, 547, 201 S.E.2d 388, 390 (1973). Nowhere in their complaint did the Thomsons assert a claim for homeowner association dues or real estate taxes. Furthermore, although the sales contract provided for attorney's fees and costs in the event of a breach and the Thomsons requested attorney's fees in their prayer for relief, the trial judge did not rule on this issue and the Thomsons made no post-trial motion to have their request for attorney's fees and costs addressed. *See Talley v. S.C. Higher Educ. Grants Comm.*, 289 S.C. 483, 487, 347 S.E.2d 99, 101 (1986) (holding an issue that was raised below but not ruled upon by the trial judge was not preserved for appeal because the appellant did not move before the lower court to amend the judgment).

4. Finally, we agree with the Thomsons that the trial judge erred in holding the contract was unenforceable for lack of consideration based on (1) the undisputed fact that the Woods never made the earnest money deposit and (2) the Thomsons' failure to show any forbearance, detriment, or loss or responsibility given, suffered, or undertaken on their part. Here, the Thomsons agreed to sell their home to the Woods at a negotiated price. Such an agreement amounted to a bilateral contract, which "exists when both parties exchange mutual promises." *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 405, 581 S.E.2d 161, 166 (2003); *see also Rickborn v. Liberty Life Ins. Co.*, 321 S.C. 291, 304, 468 S.E.2d 292, 300 (1996) (acknowledging "there was a meeting of minds, and the exchange of promises qualified as consideration"). Because, however, the Thomsons did not prove their damages for breach of contract and have not presented an argument on appeal that would adequately support their entitlement to specific performance, we affirm the award of judgment to the Woods.

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**