**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark Christianson, Appellant,

v.

MBNA America Bank, N.A., Respondent.

Appellate Case No. 2012-207066

———————

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-142
Heard March 12, 2013 – Filed April 10, 2013

———————

**AFFIRMED**

———————

David C. Alford, of David C. Alford, PC, of Spartanburg,
for Appellant.

Christian Stegmaier and Amy Neuschafer, both of
Collins & Lacy, PC, of Columbia, for Respondent.

———————

**PER CURIAM:** This appeal arises from the trial court's entry of judgment in
favor of Respondent MBNA America Bank, N.A., in connection with Appellant
Mark Christianson's action to set aside an order confirming an arbitration award
against him. On appeal, Christianson argues the trial court erred by: (1) not

finding extrinsic fraud by MBNA in obtaining its judgment; (2) finding res judicata barred Christianson from the requested relief; and (3) finding the requested relief was untimely.  We find no error and affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Yelsen Land Co. v. State*, 397 S.C. 15, 22, 723 S.E.2d 592, 596 (2012) ("Res judicata bars a second suit where there is (1) identity of parties; (2) identity of subject matter; and (3) adjudication of the issue in the first suit."); *Perry v. Heirs at Law of Gadsden*, 357 S.C. 42, 47, 590 S.E.2d 502, 504 (Ct. App. 2003) ("Although other motions to reopen judgments based on fraud must be filed within a year of the judgment or order, Rule 60(b) allows a party to seek relief from an order for 'fraud upon the court' after the expiration of one year."); *id.* (noting fraud upon the court "is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication"); *Robinson v. Estate of Harris*, 388 S.C. 616, 626, 698 S.E.2d 214, 219 (2010) (noting in South Carolina, a judgment may be set aside on the ground of fraud only if it is "extrinsic" fraud); *Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Comm'n of S.C.*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987) (stating extrinsic fraud is "fraud that induces a person not to present a case or deprives a person of the opportunity to be heard"); *Robinson*, 388 S.C. at 625-26, 698 S.E.2d at 177 (stating if a judgment procured by extrinsic fraud could have been avoided if the challenging party exercised due diligence, a court generally will not grant relief from the judgment); *Nutt Corp. v. Howell Rd., LLC*, 396 S.C. 323, 327, 721 S.E.2d 447, 449 (Ct. App. 2011) ("[E]quity is generally only available when a party is without an adequate remedy at law."); *Milliken & Co. v. Morin*, 386 S.C. 1, 8, 685 S.E.2d 828, 832 (Ct. App. 2009) ("An 'adequate' remedy at law is one which is as certain, practical, complete and efficient to attain the ends of justice and its administration as the remedy in equity."); S.C. Code Ann. § 15-48-130(b) (2005) (stating an application for vacating, modifying, or correcting an arbitration award "shall be made within ninety days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud, or other undue means, it shall be made within ninety days after such grounds are known or should have been known").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**