**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Atlantic Coast Properties, Inc., Respondent,

v.

Jerry E. Swann, Jr., Sandra A. Swann, Patricia Hite, and John Hicks, Defendants,

of whom John Hicks is the Appellant,

and Jerry E. Swann, Jr., Sandra A. Swann, and Patricia Hite are the Respondents.

Appellate Case No. 2012-208246

Appeal From Aiken County
M. Anderson Griffith, Master-in-Equity

Unpublished Opinion No. 2013-UP-365
Submitted July 1, 2013 – Filed October 2, 2013

**AFFIRMED**

James Ross Snell, of Law Office of James R. Snell, Jr., LLC, of Lexington, and Jennifer Marie Clinkscales, of Lexington, for Appellant.

Kathy Ouzts Rushton, of Kathy Ouzts Rushton, PA, of Saluda, for Respondent Atlantic Coast Properties, Inc., and James L. Verenes, of Fox & Verenes, of Aiken, for Respondent Patricia Hite.

---

**PER CURIAM:** John Hicks (Hicks) appeals the Master-in-Equity's (Master) finding that Patricia Hite (Patricia) held an equitable lien on property in Aiken County.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the Master erred in failing to find Patricia was collaterally estopped from pursuing her claim, we affirm.  *Nutt Corp. v. Howell Rd., LLC*, 396 S.C. 323, 327, 721 S.E.2d 447, 449 (Ct. App. 2011) (stating this court reviews "factual findings and legal conclusions in an equitable action *de novo*," which "'permits appellate court fact-finding, notwithstanding the presence of evidence supporting the trial court's findings'" (citing and quoting *Lewis v. Lewis*, 392 S.C. 381, 386, 390, 709 S.E.2d 650, 652, 654 (2011))); *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009) ("The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment." (citing *Beall v. Doe*, 281 S.C. 363, 369 n.1, 315 S.E.2d 186, 189 n.1 (Ct. App. 1984))).

2. As to whether the Master erred in finding Patricia was entitled to an equitable lien because she had no adequate remedy at law, we affirm.  *Nutt Corp.*, 396 S.C. at 327, 721 S.E.2d at 449 ("The basis for granting equitable relief is the impracticability of obtaining full and adequate compensation at law." (citing *Monteith v. Harby*, 190 S.C. 453, 456, 3 S.E.2d 250, 251 (1939))); *id.* ("'For an equitable lien to arise, there must be a debt, specific property to which the debt attaches, and an expressed or implied intent that the property serve as security for payment of the debt.'" (quoting *Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 250, 715 S.E.2d 348, 353 (Ct. App. 2011))).

3. As to whether the Master erred in relying on the Release because it was improperly executed and never recorded, we affirm.  *Commerce Ctr. of Greenville, Inc. v. W. Powers McElveen & Assocs., Inc.*, 347 S.C. 545, 559, 556 S.E.2d 718, 725 (Ct. App. 2001) ("It is well settled that the admission and rejection of testimony are matters largely within the trial court's sound discretion, the exercise

of which will not be disturbed on appeal absent an abuse of that discretion."); *id.* at 559, 556 S.E.2d at 726 ("In order for this [c]ourt to reverse a case based on the erroneous admission or exclusion of evidence, prejudice must be shown.").

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**