**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

M.R. Jackson Construction, LLC, Appellant,

v.

State Farm Insurance and Barbara J. Fields, Respondents.

Appellate Case No. 2019-000181

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

Unpublished Opinion No. 2021-UP-244
Submitted May 1, 2021 – Filed June 30, 2021

**AFFIRMED**

Christopher Michael Ramsey, of The Bostic Law Firm, PA, of Charleston, for Appellant.

Albert A. Lacour, III, of Clawson & Staubes, LLC, of Charleston, for Respondent State Farm Insurance.

Peter Brandt Shelbourne, of Shelbourne Law Firm, of Summerville, for Respondent Barbara J. Fields.

**PER CURIAM:** M.R. Jackson Construction, LLC (Jackson) appeals the trial court's dismissal of its complaint pursuant to Rule 12(b)(6), SCRCP. Jackson

argues the trial court erred in finding it could not state a claim for impleader or constructive trust.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  The trial court did not err in dismissing Jackson's impleader claim pursuant to Rule 12(b)(6) because Jackson did not attempt to bring a third party into the action. Thus, we find the trial court did not err in dismissing Jackson's impleader claim under Rule 12(b)(6).  *See Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action."); *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court."); *Spence*, 368 S.C. at 116, 628 S.E.2d at 874 ("In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *Doe*, 373 S.C. at 395, 645 S.E.2d at 247 ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); Rule 14(a), SCRCP ("[A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. . . .  When a counterclaim is asserted against a plaintiff, he may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so.").

2.  The trial court did not err in dismissing Jackson's constructive trust claim pursuant to Rule 12(b)(6).  *See SSI Med. Servs., Inc. v. Cox*, 301 S.C. 493, 500, 392

---

[1] Jackson also argues the trial court erred in finding it could not prevail on any theory of recovery because it had an equitable interest in the insurance proceeds. Because Jackson had a pending mechanic's lien and lawsuit to foreclose the lien, we find he was not entitled to equitable relief.  *See Nutt Corp. v. Howell Rd., LLC*, 396 S.C. 323, 327, 721 S.E.2d 447, 449 (Ct. App. 2011) ("The basis for granting equitable relief is the impracticability of obtaining full and adequate compensation at law."); *id.* ("Accordingly, equity is generally only available when a party is without an adequate remedy at law."); *Santee Cooper Resort, Inc. v. S.C. Pub. Serv. Comm'n*, 298 S.C. 179, 185, 379 S.E.2d 119, 123 (1989) ("An 'adequate' remedy at law is one which is as certain, practical, complete and efficient to attain the ends of justice and its administration as the remedy in equity.").

S.E.2d 789, 793-94 (1990) ("A constructive trust arises whenever a party has obtained money which does not equitably belong to him and which he cannot in good conscience retain or withhold from another who is beneficially entitled to it as where money has been paid by accident, mistake of fact, or fraud, or has been acquired through a breach of trust or the violation of a fiduciary duty."); *McNair v. Rainsford*, 330 S.C. 332, 357, 499 S.E.2d 488, 501 (Ct. App. 1998) ("Generally, fraud is an essential element giving rise to a constructive trust, although it need not be actual fraud."). Viewed in the light most favorable to Jackson, Jackson made no allegations in the complaint that Fields acted fraudulently. Therefore, we find the trial court properly dismissed Jackson's complaint under Rule 12(b)(6).

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.