**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Ives, Appellant,

v.

Charles E. Campbell, Vivian C. Gardner, T. Clayter Campbell, Thomas Clayter Campbell, and Eddie Harold Goff, Trustees of the Colbert H. Campbell United Trust, Sonja C. Parker, Barry Campbell, and Randy Bowers, Defendants,

Of whom, Charles E. Campbell, Vivian C. Gardner, Thomas Clayter Campbell, Jr., as Personal Representative and Trustee for the Estate and Testamentary Trust of Thomas Clayter Campbell, Sr., Thomas Clayter Campbell and Eddie Harold Goff, Trustees of the Colbert H. Campbell United Trust, Sonja C. Parker, and Barry Campbell are the Respondents.

Appellate Case No. 2023-001193

Appeal From Kershaw County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2026-UP-286
Submitted May 1, 2026 – Filed June 10, 2026

**AFFIRMED**

Desa Ballard, Harvey M. Watson, III, and Haley Alyse
Hubbard, all of Ballard & Watson, Attorneys at Law, of
West Columbia, for Appellant.

Elizabeth Marie Bowen, J. Paul Porter, and Harper Lee
Hutson, all Cromer Babb & Porter, LLC, of Columbia,
for Respondents.

---

**PER CURIAM:**  Charles Ives appeals the circuit court's order dismissing his claims against Charles E. Campbell; Vivian C. Gardner; Thomas Clayter Campbell, Jr., as Personal Representative and Trustee for the Estate and Testamentary Trust of Thomas Clayter Campbell, Sr.; Thomas Clayter Campbell and Eddie Harold Goff, Trustees of the Colbert H. Campbell United Trust; Sonja C. Parker; and Barry Campbell (collectively, Respondents) pursuant to Rule 41(b) of the South Carolina Rules of Civil Procedure.  On appeal, Ives argues the circuit court erred in (1) dismissing his causes of action for equitable lien, unjust enrichment, and promissory estoppel; (2) excluding witness testimony pursuant to the Dead Man's statute;[1] and (3) finding his claim was barred by laches.  We affirm pursuant to Rule 220(b), SCACR.

Initially, as to issue two, we hold Ives's argument that the circuit court erred by misapplying the Dead Man's Statute is without merit because the record reflects that the court excluded the testimony on hearsay grounds.  Because Ives does not challenge the court's rulings that the testimony constituted inadmissible hearsay, those rulings are the law of the case.  *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *Dreher v. S.C. Dep't of Health & Env't Control*, 412 S.C. 244, 250, 772 S.E.2d 505, 508 (2015) ("[S]hould the appealing party fail to raise all of the grounds upon which a lower court's decision was based, those unappealed findings—whether correct or not—become the law of the case.").

As to issue one, we hold the circuit court did not err in dismissing Ives's claims for equitable lien, unjust enrichment, and promissory estoppel because he failed to show a right to relief on any claim.  *See* Rule 41(b), SCRCP ("After the plaintiff in an action tried by the court without a jury has completed the presentation of his

---

[1] S.C. Code Ann. § 19-11-20 (2014).

evidence, the defendant . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief."); *Horry County v. Ray*, 382 S.C. 76, 80, 674 S.E.2d 519, 522 (Ct. App. 2009) ("The appellate court's standard of review in equitable matters is our own view of the preponderance of the evidence."). First, we hold Ives failed to establish entitlement to an equitable lien over the property because he did not allege there was any intent for the property to serve as security for any debt. *See First Fed. Sav. & Loan Ass'n of S.C. v. Finn*, 300 S.C. 228, 231, 387 S.E.2d 253, 254 (1989) ("For an equitable lien to arise, there must be a debt, specific property to which the debt attaches, and an expressed or implied intent that the property serve as security for payment of the debt."); *Carolina Attractions, Inc. v. Courtney*, 287 S.C. 140, 146, 337 S.E.2d 244, 247 (Ct. App. 1985) (finding no entitlement to an equitable lien when there was no allegation that it was the parties' intent, expressed or implied, that note proceeds would serve as security). Second, we hold Ives did not demonstrate Respondents were unjustly enriched by his improvements to the property because testimony indicated the improvements did not add value to the property, and Ives failed to present evidence of the value of any benefit conferred. *See Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 383 S.C. 115, 123, 678 S.E.2d 430, 434 (2009) ("Unjust enrichment is an equitable doctrine which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff."); *Barnes v. Johnson*, 402 S.C. 458, 467, 742 S.E.2d 6, 10 (Ct. App. 2013) (stating that in determining the value a defendant was unjustly enriched, recovery is measured by the difference in the property's value before and after the improvements), *abrogated on other grounds by Cruz v. City of Columbia*, 443 S.C. 201, 904 S.E.2d 451 (2024); *Stringer Oil Co. v. Bobo*, 320 S.C. 369, 374, 465 S.E.2d 366, 369 (Ct. App. 1995) ("[A]lthough the plaintiff's costs of performance might represent some evidence of value, they do not represent a recoverable item of restitution themselves."). Third, we hold the circuit court properly dismissed Ives's claim for promissory estoppel because there was no evidence presented of the presence of an unambiguous promise. *See Thomerson v. DeVito*, 430 S.C. 246, 255-56, 844 S.E.2d 378, 383 (2020) (stating the elements of promissory estoppel are: "(1) the presence of a promise unambiguous in its terms, (2) reasonable reliance upon the promise by the party to whom the promise is made, (3) the reliance is expected and foreseeable by the party who makes the promise, and (4) the party to whom the promise is made must sustain injury in reliance on the promise"); *Rushing v. McKinney*, 370 S.C. 280, 295, 633 S.E.2d 917, 925 (Ct. App. 2006) (holding the absence of clearly articulated terms between the parties precludes recovery on a theory of promissory estoppel).

Finally, because issue one is dispositive, we decline to address Ives's remaining issue, issue three. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when the decision of a prior issue is dispositive).

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.